[No. 7558. Decided April 10, 1909.]

FRANK MALFA *et al.*, *Respondents*, v. WILLIAM F. CRISP, *Appellant.*[1]

APPEAL—RECORD—STATEMENT OF FACTS. In the absence of a statement of facts or bill of exceptions only errors predicated on the pleadings and orders can be considered.

PARTNERSHIP—ACTIONS—CONDITIONS PRECEDENT — FILING CERTIFI-CATE OF FIRM NAME—STATUTES—COMPLIANCE AFTER SUIT BROUGHT. Where copartners did business under a firm name other than the true name of the firm members, without filing a certificate in the county auditor's office designating their true names, as required by Laws 1907, p. 288, which further provides that they shall not be entitled to maintain any suit without alleging and proving the filing of such certificate, there is such a substantial compliance with the statute as to prevent dismissal of an action, commenced before the filing of the certificate, where long before trial they filed the cer-tificate and obtained leave to amend their complaint, which amend-ment was made before the statute of limitations had run against their action and after answer by the defendants, who did not stand upon the demurrer; since the defendants are not prejudiced thereby.

MECHANICS' LIENS—NOTICE—AMENDMENTS—AFTER SUIT—ERROR IN DESCRIPTION. Under Bal. Code, § 5904, authorizing the amendment of lien notices where interests of third parties are not affected, a lien notice and complaint to foreclose the same can be amended to. correct an erroneous description of the property, after answer by the defendant disclosing the error in the notice.

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered April 13, 1908, upon findings in favor of the plaintiffs, in an action to foreclose a me-chanics' lien. Affirmed.

[1]Reported in 100 Pac. 1012.

*M. B. Malloy* and *Arthur McGuire,* for appellant.

*W. A. Reneau,* for respondents.

CROW, J.—This action was commenced on September 18, 1907, by Frank Malfa and William Malfa, copartners as F. Malfa & Son, against William F. Crisp, to foreclose a materialmans' or mechanics' lien on real estate, in the city of Waterville, Douglas county. From a decree in favor of the plaintiffs, the defendant has appealed.

There being no statement of facts, we can consider only such assignments of error as are predicated upon the pleadings and the orders of the trial court. The respondents, whose firm name does not contain the individual names of all persons interested in their partnership, did not plead in their original complaint any compliance with chap. 145, Laws 1907, p. 288, nor did they file any certificate with the county auditor until after the commencement of this action. Appellant therefore contends that they were not entitled to maintain this action, and that it should have been dismissed. Appellant demurred to the original complaint on the ground that the respondents had no legal capacity to sue. His demurrer was overruled, but he answered instead of standing thereon. Afterwards, on December 7, 1907, the respondents filed with the county auditor the certificate required by Laws 1907, chapter 145, *supra,* and having obtained leave of court, pleaded such filing by their supplemental complaint, which was filed in this action on December 10, 1907, long before the trial, which occurred in February, 1908. Appellant now contends that the certificate was filed too late to enable the respondents to maintain this action.

In *Sutton & Co. v. Coast Trading Co.,* 49 Wash. 694, 96 Pac. 428, we held that failure to file such a certificate with the county auditor, before making the contract on which the action was based, did not invalidate the contract; and that filing of the certificate before suit, which had been done in that case, entitled the plaintiffs to maintain their action.

Here the certificate was filed after the filing of the original complaint, but it had actually been filed with the county auditor, and pleaded in the supplemental complaint, long before trial, and long before the eight months allowed by Bal. Code, § 5908 (P. C. § 6110), for commencing this action had expired. By his answer the appellant admitted, and in fact affirmatively pleaded, the contract between himself and respondents on which this action is based. This being true, we fail to understand how he has been prejudiced in the least degree. We think that, under these circumstances, the respondents were entitled to maintain their action already commenced, and prosecute it to final judgment. No practical advantage could have been secured to the appellant by dismissing it. Had such an order been entered, the respondents could have immediately instituted, and would have successfully prosecuted, another action to foreclose the same lien. No good purpose would have been subserved by non-suiting them, or by throwing them out of court with costs imposed, and then permitting them to return with the same cause of action. We are of the opinion that, for the purpose of maintaining this action, they substantially complied with the spirit of the statute, by filing their certificate, and by pleading the same before trial, and before their right of action had been barred by lapse of time.

By mistake the original lien notice was so drawn as to describe lot 22, of block 8, in the original town of Waterville, instead of lot 21, in block 8. This error was not discovered until the appellant filed his answer, pleading the correct description, and alleging that he had no interest in lot 22. Thereafter the respondents, upon their application, were granted permission to amend their complaint and their lien notice by striking out "lot 22" and inserting in lieu thereof "lot 21," so as to describe the appellant's property, upon which the lien was actually claimed, and which was the property towards the improvement of which respondents had furnished materials and labor. The appellant now con-

tends that the trial court erred in permitting the amendments, and in refusing to dismiss the action for incorrect description. Bal. Code, § 5904 (P. C. § 6106), provides that:

"Such claim of lien may be amended in case of action brought to foreclose the same, by order of the court, as pleadings may be, in so far as the interests of third parties shall not be affected by such amendment. . . ."

Bal. Code, § 5917 (P. C. § 6119), provides that:

"The provisions of law relating to liens created by this chapter, and all proceedings thereunder, shall be liberally construed with a view to effect their objects."

No contention is made by the appellant that any interests of third parties were, or could have been, affected by the amendment. In *Olson v. Snake River Valley R. Co.*, 22 Wash. 139, 144, 60 Pac. 156, this court said:

"The statute (§ 5904) provides that the lien notice may be amended, after action brought to foreclose the same, by order of the trial court, 'as pleadings may be, in so far as the interests of third parties shall not be affected by such amendment.' This statute is broad enough to permit an amendment as to description, . . ."

The amendment was properly granted.

By reason of the views above expressed, all other assignments of error presented by the appellant become immaterial on this appeal, and will not be considered. The judgment is affirmed.

MOUNT, CHADWICK, FULLERTON, and GOSE, JJ., concur.