[No. 9045.    Department Two.    December 12, 1910.]

STETSON & POST LUMBER COMPANY, *Respondent*, v. W. & J. SLOANE COMPANY, *Appellant*.[1]

MECHANICS' LIENS—NOTICE OF CLAIM—AMENDMENT—LIMITATIONS. Upon the trial of an action to foreclose a mechanics' lien, a notice of a lien against the entire premises may be amended to claim a lien against the leasehold interest only of one who was alleged to have an unknown interest or lien upon the property; and it is immaterial that the amendment was made after the time for filing such a lien had expired, amendments being liberally allowed in all cases by Rem. & Bal. Code, §§ 1134, 1147, regardless of such limitations.

SAME—BUILDINGS—WHAT CONSTITUTES—FIXTURES. A structure is of such a permanent and substantial nature as to be lienable for materials used in the "construction and erection of the building," where it appears that the first tenant of a new store building was given consent to and did build a mezzo or balcony floor commencing at the rear of the storeroom, extending about forty feet toward the front, and from side wall to side wall, connected with the lower floor by a stairway, the floor being upon girders supported by uprights, it being impossible to say how the fastening was made to the side walls or the lower floor without a prying apart; although as between landlord and tenant it may have been viewed as a trade fixture.

MECHANICS' LIENS—FORECLOSURE—PLEADING—VARIANCE. It is not a fatal variance for a mechanics' lien notice to claim a lien for the construction and erection of a building, and to prove an alteration or improvement of a new building by the addition of a mezzo or balcony floor, where the party could not have been actually misled to his prejudice, within Rem. & Bal. Code, § 299, which is applicable to lien cases; especially where the building had never been occupied and the contractor may have taken it to be part of the original plan.

Appeal from a judgment of the superior court for King county, Main, J., entered March 12, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a materialman's lien. Affirmed.

*Kerr & McCord*, for appellant.

*Jay C. Allen*, for respondent.

[1]Reported in 112 Pac. 248.

MORRIS, J.—Appeal from a decree establishing and directing the foreclosure of a materialman's lien. The errors assigned are insufficiency of the notice, variance between the pleading and the proof, and that the work was not lienable.

The material was furnished by respondent to Wallace, who, under contract with appellant, built a balcony floor in the building owned by defendant Maud and of which appellant was lessee for a term of years. The notice states that the material was furnished to Wallace, agent for Maud, the owner, and was used in the construction and erection of the building, and

"That said W. & J. Sloane Company, a corporation, has or claims to have some interest in or lien upon the said premises, the exact nature of which this claimant is ignorant, but such interest or claim, if any, is subsequent, junior, subordinate and inferior to the rights and lien of this claimant."

The complaint, in so far as here material, is substantially the same as the notice. Wallace defaulted, and defendant Maud and appellant answered, denying the allegations of the complaint, and setting out the interest of appellant as that of lessee. Upon the trial, which was more than ninety days after the furnishing of the material, the court permitted the complaint and notice to be amended. The nature of the amendment is thus referred to in the findings of fact:

"That after the introduction of the testimony, the court permitted the plaintiff's lien to be amended so as to be a lien upon the leasehold interest held by the said W. & J. Sloane Co., and also permitted the amendment of the complaint to be made accordingly."

It then entered its decree establishing the lien against the leasehold estate of W. & J. Sloane Company, and providing for its foreclosure, and the company appeals.

The defect in the notice, claimed by appellant, is the failure to refer to the lease of Sloane Company, or to claim a lien upon the leasehold estate. This, appellant suggests, was not cured by the amendment, and that the amendment came

too late in that it was permitted after the expiration of the statutory time for filing lien. If it were not for the amendment, this claim of error would have much force. We think, however, the amendment cured the defect, if any, and that the fact that it was made after the expiration of ninety days is immaterial. Many cases hold in accordance with appellant's contention, both as to the defect in the lien and the lateness of the amendment, but such holdings are made under statutes not as liberal in their provisions for amendment as ours, and therefore we do not regard them as controlling; or if made under statutes permitting amendments, are not in accordance with the rules heretofore announced by this court. We can only refer to the amendment in the language of the findings above quoted, as we fail to find the amendment in the record. If the effect of it was as indicated by the court in its finding, then there is no question in our minds as to its efficiency. Neither did it come too late. The rule of amendment established by this court is that amendments of this character are in the nature of amendments to pleading, and the same liberal rule as to substance and time should be followed where the interests of third parties are not injuriously affected. Such is the plain import of our statute. Rem. & Bal. Code, §§ 1134, 1147; *Sullivan v. Treen,* 13 Wash. 261, 43 Pac. 38; *Olson v. Snake River Valley R. Co.,* 22 Wash. 139, 60 Pac. 156; *Malfa v. Crisp,* 52 Wash. 509, 100 Pac. 1012. Other jurisdictions, with similar amendment statutes, adopt the same rule. *El Reno Elec. Light & Tel. Co. v. Jennison,* 5 Okl. 759, 50 Pac. 144, wherein the court says:

"If this provision authorizing amendments does not allow an amendment to be made after the time for filing the lien has expired, then it would just as well never have been written. . . . So long as a party's time for filing a mechanic's lien had not expired, he could file as many statements in his effort to make a good lien as he chose."

See, also, *Blanshard v. Schwartz,* 7 Okl. 23, 54 Pac. 303; *Real Estate & Imp. Co. v. Phillips,* 90 Md. 515, 45 Atl. 174; *Thirsk v. Evans,* 211 Pa. St. 239, 60 Atl. 726.

The second error claimed is based upon the statement in the lien notice that the materials for which the lien was claimed were used in the construction and erection of the building, appellant contending the proof to show the materials were used for the alteration and improvement of the building, and that this is a fatal variance. The building was new and appellant was the first tenant. Upon moving in it desired more room for storage of its goods, and with consent of the owner, it employed Wallace to construct what witnesses called a mezzo or balcony floor, commencing at the rear of the store room and extending about forty feet toward the front, and from side wall to side wall. It was connected with the lower floor by a stairway, and was supported by 4x4's and 4x6's, set upright on the lower floor. It is not shown how these uprights are fastened to the lower floor. They stand against the inside wall and down the center, and are about seven feet high. Upon the top of these, girders are strung, from which stringers extend across the room from girder to girder. A floor is laid upon these stringers. Witnesses say it could not be told how the fastening was made to the side walls or the lower floor, without a prying apart, but that it has the appearance of a permanent and substantial structure. It is also shown that the court below, upon request of the parties and in order to better satisfy his mind as to the character of the structure, made a personal investigation of it. What he learned or discovered upon this visit to the building does not appear in the record. We assume, however, from the findings that he was convinced that the structure was of such a character as to be lienable. It may be that, as between the owner and appellant, it was viewed as a mere trade fixture and subject to removal at the end of the tenancy, but this we think is by virtue of their agreement and understanding to that effect. It appears to us, from the description in the record, it is a part of the storeroom and building, and of such a permanent and substantial nature as to be lienable.

Neither was there a fatal variance. Under our practice no

variance is material, unless it shall actually mislead the adverse party to his prejudice in maintaining his defense. Rem. & Bal. Code, § 299. This statute is applicable to lien cases. *Olson v. Snake River Valley R. Co., supra.* Appellant could not have been misled. It had but one contract with Wallace, and that was for the construction of this structure. It was plain from the notice of lien and the complaint of foreclosure that the materials for which the lien was claimed were furnished Wallace for use in this structure. Again, the building was new; it had never been occupied. Respondent could hardly be expected to know whether the building of this floor was included in the original plans and specifications of the building or not. He saw this work being done in a new building, and he had a right to assume it was part of the original construction. Had it been in an old building it might be he would not be justified in regarding it as "construction," but should have known it was "alteration, improvement or repair." We do not think there was such variance, if at all, as can be of any beneficial use to appellant on this appeal.

The judgment is affirmed.

RUDKIN, C. J., DUNBAR, CROW, and CHADWICK, JJ., concur.