[No. 13320.   Department Two.   August 4, 1916.]

McMULLEN & COMPANY, *Plaintiff,* v. W. A. CROFT, *Defendant.*

GOTTLIEB GANDLER *et al., Appellants,* v. GOULD LUMBER COMPANY *et al., Respondents.*[1]

STATUTES—SUBJECTS AND TITLES. The title of the Torrens Land Act, reading "An act relating to the registration and confirmation of titles to land," is sufficiently comprehensive to include any incumbrance or instrument affecting the title, but not sufficient to entirely set aside and supersede prior general laws with reference to the enforcement of mechanics' liens.

MECHANICS' LIENS—REQUISITES — TIME FOR PERFECTING — LANDS REGISTERED UNDER TORRENS ACT—AMENDMENT OF LIEN. Under the Torrens act, Rem. & Bal. Code, § 8875, providing that all liens shall be enforced by any method sufficient or proper to enforce like liens on unregistered lands, and Id., § 1134, providing that claims for mechanics' liens may be amended by order of court in so far as the interests of third persons are not affected, and Id., § 1147, providing for a liberal construction of the lien laws, a claim for a mechanics' lien upon registered land, filed within the time and in the manner provided by general law for unregistered lands, may, by order of court, be amended at the foreclosure trial and registered as required by the Torrens act, where no rights of third persons are affected; in view of the further fact that the Torrens act fixes no time limit for the registration of involuntary liens, and requires the same to be registered in the same office where they would be filed if upon unregistered lands.

[1]Reported in 159 Pac. 375.

Appeal from a judgment of the superior court for King county, Tallman, J., entered September 22, 1915, upon findings in favor of lien claimants, in an action to foreclose the lien, tried to the court. Affirmed.

*C. H. Winders, William E. Froude,* and *Higgins & Hughes* (*Hyman Zettler,* of counsel), for appellants.

*J. P. Wall, Jay C. Allen,* and *Edward Von Tobel* (*Philip Tindall,* of counsel), for respondents.

HOLCOMB, J.—Respondents, who were materialmen, having failed to collect from the building contractor with whom they had dealt, recovered below in lien foreclosure against the property owners. The property owners appealed as to those materialmen who failed to comply with the statute relating to the registration of titles commonly called the Torrens system of registration.

The real property sought to be reached was, long before this transaction, brought under the so-called Torrens system of registration. The lien claimants Gould Lumber Company, Schwager-Nettleton Mills, and Rickles Brothers failed to register within the ninety-day period any claim of lien under that law. Instead, they filed their liens with the county auditor under the old recording statute, so that it would have been shown in the chain of title had this title been evidenced by recorded documents in the old way. The other lien claimants registered their claims in the proper manner so that the title to this property discloses their lien, the certificate of title being properly endorsed. As to them, no appeal has been taken. As to the others who did not register their liens within the time limit, the property owners are here assigning error to the allowance of such claims. The trial court, over objection, allowed amendments as to these property owners, amending their complaints and liens by registering their liens at the time of the trial under the Torrens registration system.

The only question presented is this: Where the title is registered under the Torrens act, must a lien claimant register his lien under that system and within ninety days, as provided for recording the registration of liens? The old statute was:

"No lien created by this chapter shall exist, and no action to enforce the same shall be maintained, unless within ninety days from the date of the cessation of the performance of such labor or of the furnishing of such materials, a claim for such lien shall be filed for record as hereinafter provided, in the office of the county auditor." Laws 1893, p. 34, § 5; Rem. & Bal. Code, § 1134.

And:

"The county auditor must record the claims mentioned in this chapter in a book to be kept by him for that purpose, which record must be indexed as deeds and other conveyances are required by law to be indexed." Laws 1893, p. 35, § 6; Rem. & Bal. Code, § 1135.

The new law provides:

"All dealings with the land or any estate or interest therein after the same has been brought under this chapter, and all liens, encumbrances, and charges upon the same shall be made only subject to the terms of this act." Rem. & Bal. Code, § 8841.

"Every conveyance, lien, attachment, order, decree, judgment of a court of record, or instrument or entry which would, under existing law, if recorded, filed or entered in the office of the county clerk, and county auditor, of the county in which the real estate is situate, affect the said real estate to which it relates, if the title thereto were not registered, shall, if recorded, filed or entered in the office of the registrar of titles in the county where the real estate to which such instrument relates is situate, affect in like manner the title thereto if registered, . . ." Id., § 8853.

"In every case where writing of any description, or copy of any writ, order or decree is required by law to be filed or recorded in order to create or preserve any lien, right, or attachment upon unregistered land, such writing or copy, when intended to affect registered land, in lieu of recording,

shall be filed and registered in the office of the registrar of titles, in the county in which the land lies, and, in addition to any particulars required in such papers, for the filing or recording, shall also contain a reference to the number of the certificate of title of the land to be affected,  .  .  ." Id., § 8874.

"All certificates, writing or other instruments, permitted or required by law, to be filed or recorded, to give effect to the enforcement, continuance, reduction, discharge or dissolution of attachments, liens or other rights upon registered land, or to give notice of such enforcement, continuance, reduction, discharge or dissolution, shall in the case of like attachments, liens or other rights upon registered land, be filed with the registrar of titles and registered in the register of titles, in lieu of filing or recording." Id., § 8875.

"The title or interest certified shall be subject only to such estates, mortgages, liens and charges as are so noted [on the certificate of title], except as herein provided." Id., § 8807.

"Every person receiving a certificate of title  .  .  .  shall hold the same free from all encumbrances except only such estates, mortgages, liens, charges and interests as may be noted in the last certificate of title in the registrar's office, and except any"

lease for three years or less, public highways, ditches and water rights, taxes or special assessments before sale, right to appear or appeal, and Federal liens not theretofore required to appear of record in the county's auditor's office. Id., § 8834.

"All acts and parts of acts, if any there be, necessarily in conflict herewith, are herewith repealed; but this act is not intended to interfere with the present system of recording, transferring, or dealing in any real estate not brought under the provisions hereof." Laws 1907, p. 737, § 98.

We then have under consideration two statutes, one purporting to deal fully and exclusively with the subject of mechanics' liens; the other, purporting to deal fully and exclusively with the subject of land title registration but incidentally encroaching upon the domain of the statutes relating to liens. There are, therefore, two laws relating to

mechanics' and materialmen's liens, one of which is referable to the old general statutes relating to such liens and the other to the Torrens system of registration. Under the old law, mechanics' and materialmen's liens are required to be filed in the office of the county auditor within ninety days from the cessation of the labor or furnishing of material; and under the new law, when real property is brought under the registration system, such liens are required to be filed with the registrar of titles, who is the same person as the county auditor, and noted on the certificate of title, but no time within which such registration shall be made is specified.

The respondents urge that the section of the Torrens law relied upon by appellants, requiring the registration of lien notice against registered land, is ineffectual to control the manner of enforcing liens for the reason that no such purpose was indicated in the title of the act; that, therefore, it is unconstitutional. The title reads: "An act relating to the registration and confirmation of titles to land." Laws 1907, p. 693. It is argued that the effect of the section in question is to amend the lien law, and that the constitutional requirement that the purpose of an act shall be stated in the title has not been complied with; citing *State ex rel. Seattle Elec. Co. v. Superior Court,* 28 Wash. 317, 68 Pac. 957, 92 Am. St. 831, and *Blalock v. Condon,* 51 Wash. 604, 99 Pac. 733.

We have, however, so consistently and repeatedly held that the title to an act need not be an index to the contents thereof, that it is sufficient if it comprehensively covers the matter therein contained with sufficient in the title to indicate its scope and effect, that no authorities are necessary to be set forth here. The title of an act reading: "An act relating to the registration and confirmation of titles to land" is sufficiently comprehensive to include any incumbrance or instrument affecting the title. The act and the title, however, are not sufficient to entirely set aside and supersede the prior laws with reference to the enforcement of liens and the pro-

visions of the statute providing for liberal construction thereof.  Rem. & Bal. Code, § 8875, a part of the registration act, provides that all liens shall be enforced by any proceeding or method sufficient or proper in law to enforce like liens on unregistered land.  Section 1134, of the mechanics' lien statute, provides that claims of lien may be amended by order of court in so far as the interests of third parties shall not be affected by such amendment.  Section 1147 adds that the provisions of the lien statute shall be liberally construed . with a view to effect their objects.  This court has consistently observed these provisions of the lien statutes in a great number of cases.  In *Stetson & Post Lumber Co. v. Sloane Co.*, 61 Wash. 180, 112 Pac. 248, where a lien notice failed to refer to the lease of Sloane Company or to claim a lien upon the leasehold estate, the lien holder upon foreclosure was permitted to cure this by amendment, and it was urged that the amendment came too late in that it was permitted after the expiration of the statutory time for filing the lien. We said that, if it were not for the amendment, this claim of error would have much force, but that the amendment cured the defect, if any, and that the fact that it was made after the expiration of ninety days was immaterial.

The purpose of the ninety-day limit fixed by the mechanics' lien statute is to protect the owners of land against injury from the loss of evidence which delay in the prosecution of the claims would entail.  In *Davis v. Bartz*, 65 Wash. 395, 118 Pac. 334, we said:

"It is the manifest purpose of this statute to require the claimant to bring suit to establish his lien while the evidence upon which it rests is sufficiently recent to enable any party interested to successfully contest it if the facts do not warrant the lien."

In the *Sloane* case, *supra*, we also said:

"The rule of amendment established by this court is that amendments of this character are in the nature of amendments to pleading, and the same liberal rule as to substance

and time should be followed where the interests of third par-
ties are not injuriously affected. Such is the plain import
of our statute."

In the instant case, there are no third parties who were
or could be injuriously affected by the amendment. In *Malfa
v. Crisp*, 52 Wash. 509, 100 Pac. 1012, we held that a lien
notice against lot 22, of block 8, might be amended so as
to be good against lot 21, in block 8, there being no third
parties whose interests were injuriously affected.

Appellants contend that, in the case of *Brace v. Superior
Land Co.*, 65 Wash. 681, 118 Pac. 910, we definitely laid
down the rule that the act of registration shall be the opera-
tive act to convey or affect title to the land. But that case
had to do with a voluntary instrument, and Judge Ellis, in
writing the opinion, was careful to limit its effect to volun-
tary conveyances, saying:

"The second sentence indicates the forms of instruments
he may use to evidence the purpose to convey or encumber
.  .  .  Such an instrument does not convey but merely pur-
ports to convey; that is to say, evidences an intention to
convey."

Several writers on the Torrens system of land registration
are quoted by appellants, as, instance, Professor Beale, in
6 Harvard Law Review, page 370:

"A legal lien upon land, such as an attachment, judgment
lien, or mechanics' lien, is secured in the same manner; to wit,
by entry upon the register of a claim, to be enforced or re-
moved by subsequent proceedings."

And a writer in 54 Central Law Journal, p. 284:

"No judgment, mechanics' lien or other statutory, legal or
equitable lien, except taxes or special assessments, becomes a
lien on registered property until a copy of the decree or in-
strument on which the lien is based has been filed with the
registrar and noted on the certificate of title."

A similar statement is made in 8 Columbia Law Review,
p. 448, and in Shelton on Land Registration, p. 10.

In view of the fact that there is no time limit in the land registration law as to when involuntary liens shall be registered with the registrar of titles, and of the statutes and the spirit of the law that lien laws shall be liberally construed and amendments liberally allowed, that in this case the liens were filed within the time required by the lien law in the same office where they would be registered under the Torrens law, and that Rem. & Bal. Code, § 8875, part of the registration law, provides the same foreclosure proceedings and tested by the same rules of propriety and sufficiency as the lien laws, we consider that his Honor was right in permitting the amendment. Any other construction is apt to work great hardship upon ordinary lien claimants, who in many cases would be ignorant of the fact that there are two systems of recording or registering titles and instruments affecting title to or liens upon land. Furthermore, a county auditor, who is also the registrar of titles under the registration law, is, if any one, the officer who would be deemed most familiar with the system under which the title stood at the time of the filing of the lien, and advantage should not be taken of the fact that he did not register it instead of recording it when the title was registered.

The decree is affirmed.

MORRIS, C. J., BAUSMAN, and PARKER, JJ., concur.