[No. 13343. Department Two. August 4, 1916.]

PHOENIX ASSURANCE COMPANY, LIMITED, *Respondent*, v.
COLUMBIA & PUGET SOUND RAILROAD, *Appellant*.[1]

TRIAL—VERDICT—REMISSION FOR ERROR — PREJUDICE — EFFECT ON
AMOUNT OF VERDICT. Where, in an action on a policy of insurance,
the trial court and appellant's counsel were both at fault upon a
request for a trial amendment, resulting in an announcement in the
presence of the jury requiring appellant to pay $250 as a condition
of a continuance on account of surprise, it is error, requiring a re-
versal, for the court, having found that the course of proceedings
had resulted in prejudice, to allow a remission of $500 from the ver-
dict on account of the prejudice shown, where it could not be ascer-
tained how much, in amount, the jury were improperly influenced in
their verdict.

APPEAL—REVIEW—INSTRUCTIONS. Error cannot be assigned upon
the failure to instruct as to the measure of damages, where no re-
quests therefor or exceptions thereto appear, and the damages al-
lowed were within the issues and proof.

Appeal from a judgment of the superior court for King
county, Mackintosh, J., entered October 14, 1915, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for damages, after a trial on the merits. Reversed.

*Farrell, Kane & Stratton* and *Stanley J. Padden*, for ap-
pellant.

*Shepard, Burkheimer & Burkheimer*, for respondent.

HOLCOMB, J.—After trial and verdict for plaintiff, re-
spondent here, of $2,800 damages, the defendant moved, first,
unsuccessfully, for judgment *non obstante veredicto;* and then
for a new trial, which latter motion was denied upon the elec-
tion of respondent to consent to a remission of $500 from the
recovery, on a finding that the jury had been prejudiced by
certain proceedings and conduct on the part of the court.
This brings up the third ground of reversal relied upon by
appellant.

[1]Reported in 159 Pac. 369.

If the jury were prejudiced by the acts and conduct of the trial judge, it is difficult to ascertain and determine just how much, in dollars and cents, they were influenced in their verdict. This is what happened: Respondent, having sued as the insurer of an automobile on an assigned claim by the insured for $4,000 (its alleged damage for negligent injuries by appellant), offered, in the course of the trial, copies of ordinances of Seattle as evidence under its complaint of certain allegations. One of the ordinances had been expressly pleaded by reference to its number, and it was stated by counsel for respondent that sufficient foundation had been laid in the complaint for the introduction of the other ordinance as one governing speed of trains within the city limits under an allegation that the train which struck the automobile was running, at the place of injury, at an unlawful speed. Upon objection by counsel for appellant, his Honor stated that he would allow respondent to amend its complaint to plead ordinance No. 16081, to which appellant objected. The court then asked counsel for appellant if they desired a continuance on the ground of surprise, and repeated the inquiry several times upon the evasive response of counsel for appellant each time that they desired counsel for respondent to state the object of introducing the other ordinance. Upon the repeated refusal, by evasion, of counsel for appellant to state whether it desired a continuance upon the amendment being ordered, his Honor, having at last apparently lost his patience, peremptorily ordered a continuance until the afternoon, "on the ground of surprise, on the condition of the defendant paying to the plaintiff the sum of $250 by one-thirty o'clock this afternoon." The jury were then excused till that hour. On the reconvening of court at 1:30, the jury being present, counsel for appellant stated that they desired to make a motion and desired the exclusion of the jury. Upon the retirement of the jury, the court had read the ruling of the forenoon immediately before adjournment. His Honor then stated that the order would be modified as

to the amount, and the order would be that the amount would be the witness fees of plaintiff and costs at that time and the sum of ten dollars. Mutual apologies were made, after which appellant refused to pay the costs ordered, and moved that the jury be discharged from further consideration of the case because of having been prejudiced by the remarks and conduct of the court so that it could not have a fair and impartial trial. This motion was denied, and the trial proceeded, with the result mentioned.

Both his Honor and counsel for appellant were at fault. It was certainly within the power and discretion of the trial judge to permit the amendment of the pleadings at the trial. Upon such amendment being allowed, it was the duty of the adverse suitor either to proceed with the trial under the pleadings as amended, or to demand a continuance on the ground of surprise. *Olson v. Snake River Valley R. Co.,* 22 Wash. 139, 60 Pac. 156; *Lee Hong v. Schoenwald,* 86 Wash. 326, 150 Pac. 436. Respondent had pleaded the unlawful speed of the train and, if not properly or fully covered by pleading the proper local ordinances, had the right under Rem. & Bal. Code, §§ 299, 303, to amend the pleading to cover it definitely. Appellant's indefinite objection to the introduction of the ordinance was met by the order to amend, and the order to amend was without prejudice unless appellant could show that it was actually prejudiced. But the allowance of an amendment on such terms as are just, as permitted by the statutes cited, does not contemplate the requirement of the payment under such circumstances as were here shown of a penalty of $250, nor even of the witness fees and costs up to that time and ten dollars, where the adverse party to the amendment was not demanding a continuance nor the amending suitor the imposition of any "just terms" of continuance. Respondent asserts that there is no showing, nor can there be any inference, that there was prejudice in the proceedings. The court, weighing the matter conscientiously after the trial, in considering the motion for

new trial, felt that there was. He was undoubtedly the best judge when he deliberated calmly upon the matter. We must, therefore, agree that there was prejudice, but we are unable to weigh it in any exact amount of money. It might have been to the whole extent of the verdict. There was great conflict in the facts. There must be a new trial.

Of the other complaints of appellant, we find none justifying reversal. The facts were such as justified the submission of the case to a jury, uninfluenced by any prejudice. We find no error in the admission or exclusion of evidence, nor in the refusal of instructions prayed by appellant or given by the court. The instructions given by the court, in general, fairly, though tersely, stated the law and correctly covered the subjects of negligence and contributory negligence in law, correctly measuring the respective duties, under the circumstances, of both the driver of appellant's assignor and appellant. The requested instructions were mere amplifications of the law as given, or were, as in requests numbered 3, 12, and 14, based upon improper assumptions of fact. There was one feature of the case on which the court failed to instruct—the measure of damages to respondent upon recovery. As to this, however, the record shows no instruction thereon prayed by appellant, nor any exception to the failure to instruct thereon. Such being the case, it could not be ground of reversal now, the damages allowed having been within the issues and the proofs.

For the error heretofore discussed, the judgment is reversed and the cause remanded.

PARKER, BAUSMAN, and MOUNT, JJ., concur.

FULLERTON, J., concurs in the result.