[No. 13320. *En Banc.* May 12, 1917.]

McMULLEN & COMPANY, *Plaintiff*, v. W. A. CROFT, *Defendant*, GOTTLIEB GANDLER *et al.*, *Appellants*, GOULD LUMBER COMPANY *et al.*, *Respondents.*[1]

MECHANICS' LIENS — FILING CLAIMS—STATUTES — TORRENS ACT— EFFECT. Where the title to real estate is registered under the Torrens act, a lien claimant must file his notice of claim with the registrar of titles, and failure to file the same within 90 days after cessation of the work renders the lien notice void and the same is not subject to amendment; in view of the Torrens act (Rem. Code, §§ 8853 and 8874), providing that all liens required by law to be filed and recorded in order to create or give effect to any lien upon registered land, shall be filed or registered in the office of the registrar of titles when intended to affect registered land, and § 1134, Rem. Code, of the mechanics' lien law, providing that no lien shall exist and no action shall be maintained to force the same, unless the claim is filed for record as thereinafter provided, within 90 days from the cessation of the work (overruling on rehearing, Id., 92 Wash. 411).

SAME—FILING CLAIM—TIME—AMENDMENT OF CLAIM NOT FILED— STATUTES. Rem. Code, § 1134, providing that a claim of lien must be filed within 90 days after cessation of the work, and that a claim may be amended as pleadings are amended in case of action brought, is a statute of limitations and does not authorize the amendment of a claim affecting lands registered under the Torrens act which was not filed with the registrar of titles within the 90 days limited; and it is immaterial that a claim for a lien was filed with the county auditor as in the case of unregistered lands within the 90 days within which it should have been filed with the registrar of titles, and that the county auditor is also the registrar of titles (overruling on rehearing, Id., 92 Wash. 411).

HOLCOMB, PARKER, and MORRIS, JJ., dissent.

[1]Reported in 164 Pac. 930.

Appeal from a judgment of the superior court for King county, Tallman, J., entered September 22, 1915, upon findings in favor of lien claimants, in an action to foreclose the lien, tried to the court. Reversed.

*C. H. Winders, William E. Froude,* and *Higgins & Hughes* (*Hyman Zettler,* of counsel), for appellants.

*J. P. Wall, Jay C. Allen,* and *Edward Von Tobel* (*Philip Tindall,* of counsel), for respondents.

### On Rehearing.

Mount, J.—This case was originally heard and decided in Department Two. After the departmental opinion was filed, which may be found in 92 Wash. 411, 159 Pac. 375, a petition for a rehearing was granted, and the case was heard by the whole court. The facts are stated in the departmental opinion, and need not be restated here.

The principal question, as stated in that opinion, is this: Where the title to real estate is registered under the Torrens act, must a lien claimant register his lien under that system within ninety days? It is conceded that the respondents, who are lien claimants, failed to register their notices of lien within the ninety-day period. Instead, they filed their lien claims with the county auditor, under the old recording statute. Since the passage of the act, known as the Torrens act, Laws of 1907, page 693 (Rem. Code, § 8806) there have been in this state two independent systems of recording land titles; one under the old recording act, and the other under the Torrens act, which provides:

"All dealings with the land or any estate or interest therein after the same has been brought under this chapter, and all liens, encumbrances, and charges upon the same shall be made only subject to the terms of this chapter." Rem. Code, § 8841.

That act further provides, in so far as it relates to this case, as follows:

"Every . . . lien . . . which would, under existing law, if recorded, filed or entered in the office of the county clerk, and county auditor of the county in which the real estate is situate, affect the said real estate to which it relates, if the title thereto were not registered, shall, if recorded, filed or entered in the office of the registrar of titles in the county where the real estate to which such instrument relates is situate, affect in like manner the title thereto if registered . . ." Id., § 8853.

"In every case where writing of any description . . . is required by law to be filed or recorded in order to create or preserve any lien, right, or attachment upon unregistered land, such writing or copy, when intended to affect registered land, in lieu of recording, shall be filed and registered in the office of the registrar of titles, in the county in which the land lies, and, in addition to any particulars required in such papers, for the filing or recording, shall also contain a reference to the number of the certificate of title of the land to be affected, . . ." Id., § 8874.

"All certificates, writing or other instruments, permitted or required by law, to be filed or recorded, to give effect to the enforcement, continuance, reduction, discharge or dissolution of attachments, liens or other rights upon registered land, or to give notice of such enforcement, continuance, reduction, discharge or dissolution, shall in the case of like attachments, liens or other rights upon registered land, be filed with the registrar of titles, and registered in the register of titles, in lieu of filing or recording." Id., § 8875.

"The title or interest certified shall be subject only to such estates, mortgages, liens and charges as are so noted, except as herein provided." Id., § 8807.

The effect of these provisions of the Torrens act is to require liens affecting real estate registered under it to be recorded or to be filed and entered with the registrar of titles within the time required under existing laws. The statute relating to liens is neither amended nor repealed by the Torrens act. It simply recognizes the lien laws, and provides that, where liens are sought to be enforced against titles registered under the Torrens act, such liens must be filed for registration with the registrar.

Section 1134, Rem. Code, relating to liens, provides:

"No lien created by this chapter shall exist, and no action to enforce the same shall be maintained, unless within ninety days from the date of the cessation of the performance of such labor or of the furnishing of such materials, a claim for such lien shall be filed for record as hereinafter provided, in the office of the county auditor . . ."

When these statutes are construed with reference to each other, it seems plain that a lien, to become effective and enforcible against lands registered under the Torrens system, must be filed in the office of the registrar within the ninety-day period. We have held that, where a lien notice was not filed within the ninety-day period from the date of the cessation of labor or the furnishing of materials, such lien was not enforcible as a lien. *Brown v. Trimble*, 48 Wash. 270, 93 Pac. 317; *Heal v. Evans Creek Coal & Coke Co.*, 71 Wash. 225, 128 Pac. 211; *Seattle Lumber Co. v. Sweeney*, 33 Wash. 691, 74 Pac. 1001. And the general rule is that the failure to file the notice, claim, or statement, within the time limited by statute, defeats the lien. 27 Cyc. 150.

We have, in a number of cases, held that a lien notice may be amended after the time has expired when it may be filed. Such holdings have been based upon Rem. Code, § 1147, to the effect that the provisions of the lien statute shall be liberally construed with a view to effect their objects; and upon § 1134, to the effect that a claim of lien may be amended in case of action brought to foreclose the same, by order of the court, as pleadings may be, in so far as the interests of third parties shall not be affected by such amendment. In *Stetson & Post Lumber Co. v. Sloane Co.*, 61 Wash. 180, 112 Pac. 248, where a lien notice failed to refer to a leasehold estate, it was held that the lienor might be permitted to cure this omission by amendment, and in the case of *Malfa v. Crisp*, 52 Wash. 509, 100 Pac. 1012, we held that a lien notice filed in time against lot 22, of block 8, might be amended so as to include lot 21 of the same block, but we have never held that a

lien notice filed after the expiration of the ninety days could be so amended as to make it a valid lien notice. The statute is a statute of limitation, and when it says "no lien created by this chapter shall exist, and no action to enforce the same shall be maintained, unless within ninety days from the date of the cessation of the performance of such labor or of the furnishing of such materials, a claim for such lien shall be filed for record," this, of course, means that, if a claim is not filed within the time, there is no lien. The statutes operate as a limitation upon the right of lien. While the statutes provide that lien notices may be amended as pleadings may be amended, they do not mean that a lien notice which is void because filed too late may be so amended as to make it valid. A pleading which shows upon its face that an action is barred by the statute of limitations may not be amended. The statutes simply mean that defects which do not go to the substance of the lien may be amended as pleadings may be amended, but this does not mean that a void notice of lien may be filed out of time and thus be amended so as to make a valid lien.

It is argued by the respondents that the notice of lien having been filed in the office of the auditor, who is also the registrar, under the Torrens system, would relieve the respondent from filing the claim under the Torrens system. As we have seen above, the Torrens system is an independent system of registration of real estate titles. Rem. Code, § 8874, *supra*, provides that a lien which affects the real estate to which it relates shall be filed and entered in the office of the registrar. It was plainly the duty of the lien claimant to know under which system the real estate upon which he sought a lien was registered or recorded. It was his duty to file his claim of lien in the proper office and with the proper officer. If he had filed his claim of lien notice with some other officer under a mistake, it could not be maintained that this would be an amendable defect, after the time had gone by within which a proper lien notice may be filed in the proper office. The ob-

ject of the Torrens system was to create an independent system of registration of land titles, and that all liens relating to land so registered should be filed and registered in that department and no other. As was said in *Brace v. Superior Land Co.*, 65 Wash. 681, 118 Pac. 910, in construing § 8852 of the Torrens act:

"The manifest meaning of this section is that the execution of the instrument, notwithstanding it has the form of a conveyance, does no more than create a charge enforcible against the person of the owner, in no manner, and for no purpose, affecting or binding the land, unless, and until the operative act of conveyance by registration has been performed. . . .

"Our construction of this section is in keeping with the obvious purpose of the Torrens act to create an absolute presumption that the certificate of registration in the registrar's office at all times speaks the last word as to the title, thus doing away with secret liens and hidden equities. This is accomplished by the simple plan of making the act of conveyance and the fact of notice by record simultaneous in performance and effect. The Torrens system makes this simultaneous quality inevitable by making both conveyance and notice of record performable, and performable only, by the one act of registration. This is the distinctive feature, the vital principle of the Torrens system. It is the very essence of the plan. For the courts to refuse to recognize and enforce it would be to emasculate the law and, by construction, make it not the Torrens system of land titles, but a mere change in the *form* of the record, a mere modification of the recording act."

The respondents rely largely upon the case of *Malfa v. Crisp, supra*. In that case, the lien notice was filed within time. It omitted the description of a lot, or described the wrong lot, in a block. We think that case is distinguishable from this in the fact that there the lien notice was filed in time and was, therefore, valid as a notice, while in this case the lien notice was not filed until long after the expiration of the ninety-day period, and was, therefore, void as a notice. We are of the opinion that the *Malfa* case went to the limit of amendment, and that we should not hold that a lien notice filed out of time may be amended in the face of the statute.

We are of the opinion, for these reasons, that, where the title to real estate is registered under the Torrens act, a lien claimant must file his notice of claim with the registrar, which notice shall contain a reference to the number of the certificate of the land affected, as required by Rem. Code, § 8874, *supra*, and a failure to file the same within the ninety-day period renders the lien notice void.

The judgment appealed from is therefore reversed.

Ellis, C. J., Main, Fullerton, Webster, and Chadwick, JJ., concur.

Holcomb, Parker, and Morris, JJ. (dissenting)—We dissent and adhere to views expressed in 92 Wash. 411, 159 Pac. 375. The lien notices *were filed* within the ninety-day period provided by law for *filing* notices of liens, but were not registered with the registrar of titles, who was also county auditor, and noted on the certificate. The law requiring the provisions relating to such liens to be liberally construed so as to effectuate their objects was certainly not repealed by the "Torrens law." This decision assuredly does so, and will result in great injustice, not only in this case, but in others, to laborers and materialmen.