[No. 21410. Department One. December 6, 1928.]

GEORGE A. SCHULENBURG, *Respondent*, v. CARL T. STORRE *et al., Defendants*, NELSON COMPANY, *Appellant*.

STONEWAY LUMBER COMPANY, INCORPORATED, *Respondent*, v. CARL T. STORRE *et al., Defendants*, NELSON COMPANY, *Appellant*.[1]

[1]Reported in 272 Pac. 514.

*Hastings & Stedman* and *Lewis L. Stedman,* for appellant.

*Arnold R. Beezer,* for respondent Schulenburg.

*C. A. Schneider,* for respondent Salmon Bay Sand & Gravel Co.

*J. P. Wall,* for respondent Peterson Hardware & Plumbing Co.

*Lund & Lund,* for respondents Torgeson *et al.*

*Karl F. Hass,* for respondent Stoneway Lumber Co.

MITCHELL, J.—These actions to foreclose liens for labor and material furnished in the improvement of lands registered under the act commonly known as the Torrens Act were tried together in the superior court, resulting in judgments foreclosing the liens and establishing priority of rights among the lien claimants and Bennington County Savings Bank, the holder of a first mortgage on the lands, and The Nelson Company, the holder of a second mortgage on the lands. The Nelson Company, whose mortgage was recorded prior to the filing of the liens for labor and material and who was given a subordinate position in the piorities established, has appealed.

The land had been registered under the act of 1907, ch. 250, p. 693, Rem. Comp. Stat., § 10622 *et seq.,* entitled "Registration of Land Titles," commonly known as the Torrens Act. The lien claimants, respondents here, filed their claims of lien with the registrar of titles under the act, which claims upon their faces fully complied with the general lien laws and the terms of the Torrens Act, except that in each notice of lien there was no reference to the number of the certificate of title of the land under the Torrens Act, as provided for in § 66 of the act; Rem. Comp. Stat., § 10695.

That section, so far as it relates to the present liens,

provides that the liens, instead of being filed for record in the office of the county auditor as such, as in the case of lands not registered,

". . . shall be filed and registered in the office of the registrar of titles, in the county in which the land lies, and, in addition to any particulars required in such papers, for the filing or recording, shall also contain a reference to the number of the certificate of title of the land to be affected, etc."

When the liens in these cases were presented to the registrar of titles, upon his noticing they contained no reference to the number of the certificate of title to the land, he at that time endorsed on each of them the proper certificate number of the land affected, and thereupon filed and registered it in connection with the register number of the land affected. When the lien notices were offered in evidence, they were objected to by the appellant as not complying with the statute, because in the preparation of each of them the claimant had made no reference to the number of the certificate under which the land was registered. It appears that, without passing on the objections, the trial court, upon application of the lien claimants, permitted the claimants to amend their notices of lien by inserting in them the number of the certificate of title of the land affected.

It is doubtful if any amendment was necessary. For the accommodation of the registrar in filing them with reference to the registered land affected, and for and on behalf of the claimant who was present for the purpose of filing and registering the instrument with reference to the land affected, the registrar stamped upon it the proper certificate number and then filed and registered it accordingly. Surely that gave all record notice necessary affecting the title to the land, and was a sufficient compliance with the statute.

In addition, however, the amendment was proper. It in no way injuriously affected the rights of the appellant, who had in no manner dealt with the property after the filing and registering of the lien claims. The liberality of amendments of lien claims, for material and labor furnished in improving lands registered under the Torrens Act, has been recognized and declared by this court in the case of *McMullen & Co. v. Croft,* 92 Wash. 411, 159 Pac. 375, later considered by the whole court in the same case reported at 96 Wash. 275, 164 Pac. 930.

The lien in that case failed only because it was not filed within ninety days. It was agreed that generally the statute providing for liberality of amendments of lien notices applied where the land has been registered under the Torrens Act, but the court divided on the one question as to whether a notice that had not been filed within the statutory time of ninety days was susceptible of amendment. It was held that it was not, upon the theory that the ninety day period was in effect a statute of limitations, and that a lien filed after that time was no lien and was void. The court said:

"While the statutes provide that lien notices may be amended as pleadings may be amended, they do not mean that a lien notice which is void because filed too late may be so amended as to make it valid. A pleading which shows upon its face that an action is barred by the statute of limitations may not be amended."

Liberality suggests the amendment allowed in this case equally or more readily than the amendment to include a leasehold estate omitted in the original lien notice in *Stetson & Post Lumber Co. v. Sloane Co.,* 61 Wash. 180, 112 Pac. 248, or the one in *Malfa v. Crisp,* 52 Wash. 509, 100 Pac. 1012, where we held that a lien notice, filed in time against lot 22 of block 8, might be amended so as to strike out "lot 22" and in-

sert "lot 21" of the same block, or to change the date of the cessation of work, set out in the notice, so as to show the statutory period of ninety days had not expired when the notice of lien was filed for record, as was done in the case of *Rose v. O'Reilly,* 138 Wash. 18, 244 Pac. 124.

Affirmed.

FULLERTON, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.