[No. 36011. Department One. April 5, 1962.]

ISABELLE EICHNER, *as Guardian, Respondent,* v. HARRY DORSTEN *et al., Appellants.**

* Reported in 370 P. (2d) 592.

*Rosling, Williams, Lanza & Kastner* and *William D. Cameron,* for appellants.

*William L. Williams* and *Benn R. Agor,* for respondent.

PER CURIAM.—This is a host-guest case which raises the question of whether there was evidence from which a jury could find that the host (the defendant, Sharon L. Dorsten) was grossly negligent.

She was attempting to cross U. S. Highway No. 10, the most-traveled, east-west highway in the state, driving a Chevrolet station wagon in which she had twenty-two girls (16-17 years of age) as passengers. She was proceeding north, across the highway, within the town of Issaquah. There were stop signs on the northerly and southerly boundaries of U. S. Highway No. 10, facing all north-south traffic; and a flashing-red light overhead at the center of the intersection, also facing all north-south traffic. There are, on U. S. Highway No. 10, two lanes for eastbound traffic and two lanes for westbound traffic. Between these two lanes, at this intersection, there was a safety island with an area long enough for north and southbound cars to stop, clear of all east-west traffic, which area was appropriately referred to as a "refuge."

There was conflicting evidence as to whether the defendant driver stopped at the stop sign; there is no conflict in the evidence that she did not thereafter stop, but proceeded across the eastbound traffic lanes, through the place of safety offered by the "refuge," and across the westbound traffic lanes in the face of oncoming-westbound traffic. A westbound car struck the defendants' station wagon and overturned it.

This action is brought on behalf of one of the girls in the station wagon who sustained severe injuries.

The jury was instructed on gross negligence, and no exceptions were taken to the instructions given. The jury

had to find gross negligence on the part of the host[1] (defendant driver) before it could bring in a verdict for the plaintiff (the guardian of the girl in whose behalf the action was brought).

There is no question, in our minds, that the evidence warrants a finding of want of slight care, which we have held constitutes gross negligence. *Crowley v. Barto* (1962), *ante* p. 280, 367 P. (2d) 828; *Miller v. Treat* (1960), 57 Wn. (2d) 524, 358 P. (2d) 143.

The defendants' proposed instruction, defining gross negligence, was properly rejected. There was no exception to the instruction on gross negligence given by the trial court, and the proposed instruction was confusing in its terms. It would have told the jury,

" . . . Gross negligence is the failure to exercise even slight care; . . . Slight lack of ordinary and reasonable care standing alone would not be gross negligence. . . ."

We hope we know what was meant, but that this instruction would be "confusing" to jurors is an understatement. Our recent opinion in *Crowley v. Barto, supra,* emphasized the desirability of simplicity and brevity in instructions on gross negligence.

Appellants' argument: That Mrs. Dorsten was deceived by the speed of the automobile, which collided with her station wagon, is clearly an afterthought. There was no request for an instruction on that theory, and it was never presented to the trial court. We cannot consider it here. *Bronk v. Davenny* (1946), 25 Wn. (2d) 443, 171 P.

---

[1]The host-guest statute applicable here is RCW 46.08.080: "No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or the result of said owner's or operator's gross negligence or intoxication, and unless the proof of the cause of action is corroborated by competent evidence or testimony independent of, or in addition to, the testimony of the parties to the action: *Provided,* That this section shall not relieve any owner or operator of a motor vehicle from liability while it is being demonstrated to a prospective purchaser."

(2d) 237; *Phoenix Assurance Co. v. Columbia & Puget Sound R.* (1916), 92 Wash. 419, 159 Pac. 369.

The issues of proximate cause, of contributory negligence, and of assumption of risk were presented to the jury under proper instructions.

We find no merit in any of the assignments of error. The judgment is affirmed.

May 18, 1962. Petition for rehearing denied.

\* Reported in 370 P. (2d) 593.