[No. 36678. Department One. July 25, 1963.]

DONALD M. EMERY *et al., Respondents,* v. FRANCIS MILK *et al., Appellants.*\*

*Sweet & Merrick* and *H. J. Merrick,* for appellants.

*Jones & Cyphers* (*Edmund J. Jones,* of counsel), for respondents.

PER CURIAM.—Like *Eichner v. Dorsten* (1962), 59 Wn. (2d) 728, 370 P. (2d) 592, this is a host-guest case which raises the issue of whether there was evidence from which a jury could find that the host-driver was grossly negligent.

It was submitted to the jury on two issues: Whether or not the conduct of the host, a disfavored driver, constituted gross negligence; and whether there was contributory negligence on the part of the guest. The jury returned a verdict for the guest, and judgment was entered thereon. The host-driver appeals.

The sole issue on the appeal is, as stated in the opening paragraph: Appellant-defendant-host urges that, as a matter of law, she exercised slight care because she was in the proper lane of travel and had her lights on, and

\*Reported in 384 P. (2d) 133.

the case should not have gone to the jury, although she knew there was a stop sign and drove past it at 30 miles an hour into the intersection, which was obstructed to her right, and attempted to cross in front of an oncoming driver (visible for 400 feet to her left) who had the right of way.

It is also true that she kept her hands on the wheel and continued to steer her car in her lane of travel; but that does not, as a matter of law, equate slight care calculated to avoid a collision with the favored driver, which occurred and in which the plaintiff-guest was injured.

In this case, as in *Eichner v. Dorsten, supra,* there was no exception taken to the instruction given on gross negligence, so we have no problems of definition or clarification. There is no suggestion that the disfavored driver was deceived. To prevail, the appellant must be able to show that, as a matter of law, the issue of gross negligence should not have been submitted to the jury.

There is no question in our minds that the evidence in this case was sufficient to support a jury finding of gross negligence, *i.e.,* want of slight care, as in *Eichner v. Dorsten, supra.*

We do not, however, agree with the respondent-plaintiff-guest that the appeal of the defendant-host was clearly frivolous and taken for delay only.

Judgment affirmed.