[No. 113.  Decided December 19, 1890.]

FREDERICK G. GATES v. CHARLES R. BROWN, ISAAC PERCIVAL, GUSTAVE WINEHILL AND HENRIETTA WINEHILL.

MECHANICS' LIENS—NOTICE—VERIFICATION.

Under § 1961, Code Wash. T., providing that the notice of mechanic's lien shall contain a statement of the demand after deducting all just credits and offsets, and also a statement of the terms and conditions of the contract, a lien notice is defective which states that the work was performed and the material furnished under a subcontract, but which does not purport to contain a statement of the terms and conditions of the contract.

In certifying the verification of a lien notice the notary must impress his official seal thereon, as such notice is not primarily intended for use in court, and is therefore not within the exception provided by § 5, Session Laws 1889–90, p. 474.

*Appeal from Superior Court, King County.*

Action to foreclose a mechanic's lien claimed by plaintiff upon a certain building in the city of Seattle, State of Washington, known as the Winehill building. The plaintiff was a subcontractor under the defendants Charles R. Brown and Isaac Percival, who were contractors with Gustave Winehill and Henrietta Winehill, the owners of said building, for the erection thereof. To the amended complaint in this action Gustave and Henrietta Winehill interposed separate demurrers, which were sustained, and plaintiff declining to plead further, judgments were rendered in favor of the defendants Gustave and Henrietta Winehill for their costs. Plaintiff appeals to this court.

*Chas. F. Fishback,* for appellant.

*Lewis & Gilman,* for Gustave and Henrietta Winehill, appellees.

The opinion of the court was delivered by

Scott, J.—This was an action to foreclose a mechanic's lien. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The question was as to the sufficiency of the lien notice, which the lower court held to be invalid, and sustained the demurrer. The plaintiff appeals to this court. The notice, a copy of which was set forth in the complaint, is as follows:

"State of Washington, county of King—ss. Fred. G. Gates, claimant, vs. Isaac Percival and Charles Brown, debtors, and Gustave Winehill, owner. Claim for lien. Notice is hereby given that Fred. G. Gates performed work and labor for the debtors above named, in the construction of a certain building located on the southwest corner of South Third and Main streets, upon a plat of the town [now city] of Seattle, in King county, Washington, known as the ' Winehill Building,' and furnished material to be

used, and which was used, in the construction of said building; that at the time said work and labor was performed, the said Isaac Percival and Charles Brown were in the employ of Gustave Winehill, owner above named, in the capacity of contractors in and about the construction of said building; that the said Fred. G. Gates commenced to perform said labor and to furnish said material on said building on or about September 30, 1889, and labored continuously up to January 5, 1890, and that claimant ceased to perform said labor thereon, and to furnish said material, on January 5, 1890; that in the performance of said labor the claimant acted as subcontractor under the said Isaac Percival and Charles Brown, and was to receive, and the said Percival and Brown agreed to pay the claimant, for the labor done and furnished upon said building and material furnished by and used in the construction of said building, the sum of fifteen hundred and ninety-seven dollars; that after deducting all just credits and offsets there remained due and owing to the claimant, for and on account of said labor performed and furnished and the material used and furnished in the construction of the said building, the sum of fifteen hundred and ninety-seven dollars, for which amount the said Fred. G. Gates claims a lien upon the building aforesaid. F. G. GATES, Claimant.

"State of Washington, county of King—ss. Fred. G. Gates, being first duly sworn, deposes and says that he has read the above and foregoing claim for a lien, knows the contents thereof, and that he believes the same to be just. FRED. G. GATES. Subscribed and sworn to before me this 11th day of March, 1890. VINCE H. FABEN, Notary Public in and for Washington; residing at Seattle, Wash."

It appears by the complaint that the plaintiff's subcontract, upon which his lien was founded, was to perform all the mason and brick work on the building, and furnish all the materials therefor, for the sum of $10,500; that he furnished the materials and performed the labor accordingly, and was paid thereon $8,903, leaving a balance due him of $1,597, for which he filed the lien in question. Code, § 1961, provides that the lien notice shall contain a statement of the demand after deducting all just credits and off-

sets, and also a statement of the terms and conditions of the contract, if any. Appellant urges that the notice aforesaid is a sufficient compliance with the statute; that it is only necessary to set out the amount which is claimed to be due. He cites us to *Ainslie v. Kohn,* 16 Or. 363, where the Oregon court decided that it was not necessary to set forth an itemized statement, but only the amount remaining unpaid. This decision was founded upon a statute, however, which did not contain the provision that the terms and conditions of the contract should be stated in the notice, and consequently has but little, if any, bearing here. Appellees contend that the notice should not only contain the full amount of contract price and the sum claim to be unpaid, but that it should also set out an itemized statement of the account, and he cites us to *McWilliams v. Allan,* 45 Mo. 573, which appears to have been founded upon a statute requiring a "just and true account of the demand due after all just credits had been given" to be stated in the lien notice. Our statute uses the word "statement" where the Missouri statute uses the word "account." Appellees maintain that these words express the same thing, and the case cited seems to treat them as synonymous. The notice should certainly contain a statement of the terms and conditions of the contract, if founded upon an express contract, and if upon an implied one then a statement of the full amount, and what for; if for different things, such as labor and materials, then the amount claimed for each, and in all cases a statement of what has been paid to the claimant thereon. We do not decide that it is necessary to give an itemized statement in the notice where the contract or claim can be fairly understood without it. It would be a better and safer practice so to do, however, especially where the lien is claimed by any one other than the original contractor. The lien notice in this case is clearly defective, as it does not purport to contain a statement of the terms and conditions of the

contract, while it does state that the work was performed and material furnished under a subcontract. It appears by the complaint that the contract was, in fact, a very different one from that which would be inferred from the notice. Instead of giving any correct intimation of what the claimant's contract really was, the notice was in effect misleading.

Appellees also claim that the notice is invalid for other reasons; but as the determination of the above disposes of the action, it is unnecessary to discuss them. The court deems it advisable, however, to decide one additional matter, and that it is with reference to the omission of the notary to attest the verification of the notice by the impression of his official seal thereon. Appellant argues that the notary was not required to use his seal in certifying to such a verification; that it is within the exception provided by § 5 of the act to be found at page 474, Session Laws 1889–90. But it appears to us otherwise. The notice was not primarily intended for use in court or in any judicial proceeding, but to obtain and preserve the lien. The fact that it might be used in court, or was so used, subsequently, would not bring it within the exception any more than it would a deed or a mortgage, and consequently the seal should have been impressed, to have given the certification of the oath required any validity. We agree with appellant's contention that the lien laws should receive a liberal construction, and be aided by every reasonable intendment to carry out the purposes for which they were designed; but this rule of construction or interpretation will not justify a court in going to the extent of nullifying plain provisions of the statutes, which presumably the legislature held to be essential, or they would not have been incorporated in the laws. The judgment is affirmed.

ANDERS, C. J., and STILES, HOYT and DUNBAR, JJ., concur.