[No. 653. Decided January 10, 1893.]

STETSON & POST MILL COMPANY, *Appellant*, v. J. F. Mc-
DONALD, JOEL DOCKING, A. W. PIPER, E. F. SWEENEY
AND J. H. RENGSTORFF, *Respondents*.

MECHANICS' LIENS — NOTICE — OMISSION OF NOTARY'S SEAL — LIA-
BILITY OF SURETIES ON BUILDING CONTRACT — PARTNERSHIP.

The fact that certain persons sign a building contract as sureties
does not render them liable for materials furnished the contractors.

The omission of the notary to affix his seal to the jurat in a lien
notice sworn to before him renders the notice invalid, and the omis-
sion cannot be cured by the introduction of proof on the trial to
foreclose the lien, that the notice had in fact been sworn to.

Where materials are furnished to contractors as co-partners in
the construction of a certain building, the subsequent withdrawal
of one from the partnership does not release him from liability when
no new agreement is entered into between the contractors and the
owner of the building, or between the contractors and the person
furnishing materials.

*Appeal from Superior Court, King County.*

*Battle & Shipley*, for appellants.

*Stratton, Lewis & Gilman*, and *Turner & McCutcheon*,
for respondents.

The opinion of the court was delivered by

SCOTT, J.— This case was brought by the appellant to
foreclose a lien for lumber furnished to be used in the con-
struction of a building erected on certain real estate in the
city of Seattle, in which the respondent Rengstorff had a
leasehold interest.    McDonald and Docking were partners
engaged in the business of constructing buildings, and en-
tered into the contract with Rengstorff for the construction
of this building.    Piper and Sweeney had no actual part in
the construction of the building, but were sureties for the
contractors; although, instead of signing a bond for that

purpose, they joined in the original contract.    The appellant furnished the material in question to McDonald and Docking.

In the action to foreclose, McDonald and Docking, and Piper and Sweeney, together with Rengstorff, the owner, were made parties defendant.    The appellant claims to be entitled to a judgment against Piper and Sweeney in consequence of their having joined in the original contract, which provided that the building should be turned over to Rengstorff free from liens, and that by establishing the liens these parties also would be liable to it.    This position is untenable.    The fact that Piper and Sweeney joined in the contract with McDonald and Docking for the construction of the building, would not render them liable to the plaintiff, for it appears by the proof that the object in having them made parties to the contract with Rengstorff was to afford Rengstorff additional security to that which he would have had, had the contract been solely with McDonald and Docking.    It also appears that the material in question was charged to McDonald and Docking, and was furnished solely on their credit.    It was not known to the appellant at the time it furnished the materials that Piper and Sweeney were parties to the building contract.    In no view of the case could the plaintiff have judgment against Piper and Sweeney.

Subsequent to the signing of the contract Docking severed his connection with McDonald in the construction of the building, and McDonald alone continued the construction thereof.    It does not appear that any new agreement was entered into or understanding had between said contractors and Rengstorff, or between McDonald and Docking and the plaintiff.

The court rendered judgment in favor of the plaintiff against McDonald, who made default, but held the lien no-

tice defective and dismissed the action as to the other defendants. Appellant alleges that the court erred in rejecting the lien notice. The objection to this notice, was that the seal of the notary was not attached to the jurat, and this we have held in the case of *Gates v. Brown*, 1 Wash. 470 (25 Pac. Rep. 914), to be necessary. At the trial of this cause the appellant offered to prove that the notice had in fact been sworn to, and he argues that this proof should have been received, and given the effect of curing the omission of the notary to affix his seal. This position is untenable. These notices are required to be recorded, or filed for record, and the notice being invalid when filed, no subsequent proof could be made as to any material fact omitted to render the notice valid, and make it relate back to the time it was filed for record.

The lien notice was rightly rejected, but we think the court erred in its final disposition of the case. The defendants entered upon a trial as to the merits of the case, and evidence was introduced relating to the contract between the plaintiff and the contractors McDonald and Docking, under which the material in question was furnished, without any objection or any demand to have the case tried by a jury, and plaintiff having in nowise released Docking, he was still bound under the contract under which the material was furnished, and the judgment should have been rendered in favor of the plaintiff against the contractors McDonald and Docking for the amount found to be due for said materials. See *Hildebrandt v. Savage*, 4 Wash. 524 (30 Pac. Rep. 643).

The judgment of the court below is reversed, except as to McDonald, and the cause is remanded with instructions to also render a judgment in favor of the plaintiff against Docking for the amount found to be due.

ANDERS, C. J., and HOYT, J., concur.

STILES, J.—For the reasons given by me in the case of *Hildebrandt v. Savage, supra*, I hold that no judgment should have been entered in this case.