13   261<br>33   696

[No. 1865. Decided December 21, 1895.]

L. H. SULLIVAN *et al.*, *Respondents*, v. O. J. TREEN *et al.*,
*Appellants*.

MECHANICS' LIENS — SUFFICIENCY OF DESCRIPTION — SEVERAL BUILD-
INGS ON ONE LOT — AMENDMENT OF CLAIM.

Mechanic's lien notices claiming separate liens upon each of
three houses situated upon a single lot is not insufficient because
they describe each of the houses as being upon the lot and do not
specify any particular portion thereof upon which each house is
situated, when no particular portion of the lot has been set apart by
the owner as necessary to be used in connection with each house.

Under Laws 1893, p. 32, a claim of mechanic's lien upon several
houses upon a single lot is sufficient, when the notice indicates an
intention to claim a lien upon the entire lot and the buildings
thereon for all labor done and materials furnished for all the houses.

The provision of Laws 1893, p. 34, § 5, authorizing an amendment
of lien notices when the interests of third parties will not be affected
thereby, has reference only to such third parties as acquire some
interest subsequent to the filing of the lien notice.

Appeal from Superior Court, King County.—Hon.
J. W. LANGLEY, Judge.    Affirmed.

*Duncan G. Inverarity*, and *Stratton, Lewis & Gilman*,
for appellants.

*James Kiefer*, for respondents.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to foreclose
certain liens for material and labor upon property
owned by the defendant O. J. Treen, and upon which
the defendants Taylor had a mortgage.   The only ques-
tion presented upon the appeal is as to the sufficiency
of the several lien notices.   They are each attacked
upon the ground that the description of the property
upon which the lien is claimed is insufficient.   It ap-
peared from each of the lien notices, as well as from
the complaint, that work was performed on three
different buildings all situated on a single lot in the
city of Seattle, and it is claimed by appellants that by
the notices it was intended to claim separate liens
upon each of such houses, and that no sufficient
description of the property upon which each of said
houses was situated was contained in the notices.   If
we were to agree with this contention, we should still
be of the opinion that the lien notices were sufficient
for the reason that each of the houses was described
as being upon a particular lot, and there was no par-
ticular portion of said lot which by anything done by
the owner was set apart as necessary to be used in
connection with each of the houses.   That fact would
therefore have to be determined by the court.   It
might have been possible to have described exactly
the part of the lot upon which each house was situ-
ated, but it could not be presumed that other land

than that actually covered was not necessary to the convenient enjoyment of each house.

But in our opinion, the notices fairly indicate an intention to claim the lien upon the entire lot and the buildings thereon situated, for all the labor done and materials furnished for all the houses; and under the liberal provisions of the act of 1893 (Laws, p. 32), such description and claim was sufficient. The three lien notices were not exactly alike, but they were substantially so, and what we have said will apply as well to one as to the other.

There was an additional objection raised to the lien of M. F. Backus, receiver, and that was that there was no sufficient proof of its having been verified. The only objection pointed out was the fact that the notary before whom such lien was sworn had omitted to add to his signature and official title his place of residence. Whether or not this omission would, upon the authority of the case of *Gates v. Brown*, 1 Wash. 470 (25 Pac. 914), be fatal to the lien notice, it is not necessary for us now to decide. The statute of 1893 (Laws 1893, p. 34, § 5), authorized an amendment of notices of lien when the interests of third parties would not be affected thereby, and under this provision the court allowed this lien notice to be amended by the addition of the place of residence of the notary. That this might be done, if it did not affect the rights of third parties, is conceded by appellants, but they contend that the appellants Taylor, as mortgagees, are such third parties, and that their rights were directly affected by the amendment. In our opinion the parties intended to be protected from the force of the statute allowing such amendments were only those who had acquired some interest subsequent to the filing of the lien notice, and had no reference to those

whose relations to the property had not been changed since such filing.

None of the errors assigned warrant a reversal of the judgment and it will be affirmed.

SCOTT, DUNBAR, ANDERS and GORDON, JJ., concur.