[No. 3734. Decided July 11, 1901.]

ARTHUR E. GRIFFIN, *Respondent,* v. JEROME CATLIN *et
    al., Respondents;* CRABILL & RICHARDSON, *Appellants.*

NOTARIES — CERTIFICATE OF ACKNOWLEDGMENT — SUFFICIENCY.

The failure of a notary to add to his certificate of acknowledg-
ment of a mortgage a statement of his place of residence is not
a material defect such as would invalidate the mortgage as
against third parties, when his certificate was regular in all other
respects, as required by Bal. Code, § 4533, prescribing the form
of certificates of acknowledgment, although § 249, Id., prescribes
that "when the notary public shall sign any instrument officially,
he shall, in addition to his name and the words 'notary public,'
add his place of residence and affix his official seal."

Appeal from Superior Court, King County.—Hon.
WILLIAM HICKMAN MOORE, Judge. Affirmed.

*Allen & Allen,* for appellants.

*Martin, Joslin & Griffin,* for respondent.

PER CURIAM.—Action to foreclose a mortgage upon cer-
tain described real estate, executed by defendants Jerome
Catlin and Eva Catlin to plaintiff, Griffin, in September,
1895, to secure a promissory note of $1,600, of even date
therewith. The appellants were made parties in the usual
allegation of having or claiming some interest in a part of
the real estate included in the mortgage. Appellants an-
swered, denying each allegation of the complaint, and al-
leging that appellants recovered judgment in the sum of
$404.50 against Catlin and wife upon a debt due appel-
lants, and that thereafter an execution was levied upon
such judgment against a certain described portion of the
real estate included in the mortgage; alleging sale duly
made thereunder, and purchase thereof made at such sale
by appellants. It is also set up that the mortgage was

executed to plaintiff for the purpose of hindering, delaying, and defrauding appellants and other creditors of the Catlins.

An examination of the record shows that the allegation of fraud was not sustained at the trial. There are but two points made in the argument for appellants: That the mortgage was not acknowledged as required by law, and was invalid; and that the residence of the notary was not added to the certificate,—it was regular in all other respects. The acknowledgment conforms to the form specified in § 4533, Bal. Code, which section declares, "A certificate of acknowledgment, substantially in the following form, shall be sufficient." There are some cases, as *Gates v. Brown,* 1 Wash. 470 (25 Pac. 914), and *Stetson-Post Mill Co. v. McDonald,* 5 Wash. 496 (32 Pac. 108), cited by appellants to sustain their contention, but in those cases the official seal was omitted, which was a material defect. The omission of the notary's place of residence is not a material defect. No error is observed in the decree of the court ordering the sale of the property.

The judgment is affirmed.