[No. 21352. Department One. December 28, 1928.]

C. F. DAVIDSON, *etc., Appellant,* v. NATIONAL CAN COMPANY *et al., Respondents.*[1]

[1] Reported in 273 Pac. 185.

*William R. Lee,* for appellant.

*H. W. Lueders,* and *Williamson, Freeman & Broen-kow,* for respondents.

TOLMAN, J.—Appellant, as plaintiff, brought this action to foreclose a lien for labor and material supplied in the construction of a building upon certain described real estate.

After trial upon the merits, the trial court, by its decree, established the prior lien of certain mortgages, allowed liens to certain other claimants who were brought into the action, allowed the plaintiff liens on certain lien claims filed by materialmen and assigned to him and gave to the plaintiff a judgment in the sum of $7,684.68, with costs, covering the labor and material which he put into the building, but denied his right to a lien on that claim.

The decree further provided that, in the event that this court shall adjudge that the plaintiff is entitled to a lien upon the claim upon which it allowed judgment only, then and in that event his reasonable attorney's fees are fixed, and will be allowed, in the sum of $750.

The plaintiff has appealed from that part of the decree which denies him a lien upon his original claim and fails to foreclose it, while the defendant National Can Company, with two individuals joining, has attempted to take an appeal from most of the other features of the decree.

The final judgment was signed and filed on February 24, 1928. The defendants' notice of appeal was served on April 2, 1928, and filed on April 3, 1928.

Even treating this notice as an attempt to take an independent appeal, rather than a cross appeal, still it was not filed in time. Rule X of this court (Rem. 1927 Sup., § 308-10), adopted under the authority of ch. 118, Laws of 1925, Ex. Ses., p. 187; Rem. 1927 Sup., § 13-1, limits the right of an appeal from a final judgment to thirty days after the entry of such judgment. Unquestionably the manner of effecting an appeal is procedural, and under our decision in *State ex rel. Foster-Wyman Lumber Co. v. Superior Court,* 148 Wash. 1, 267 Pac. 770, Rule X is authorized by the Act of 1925. The defendants' appeal not having been taken within thirty days, it must be, and it is, dismissed.

In the absence of a cross appeal, we cannot inquire into the correctness of the items making up the total of the plaintiff's judgment, but are limited in our inquiry here to the one question raised by the plaintiff's appeal, namely: Was he entitled to a lien and to have it foreclosed?

It appears that, at the time the contract for the erection of the building was entered into, there were two corporations; one the Tacoma Can Company, the other the National Can Company. Both occupied the same offices. Both names were upon the door, and the business done was so much in common as to tend to the confusion of those not fully informed.

During the course of the construction of the building, the National Can Company took over all of the assets of the Tacoma Can Company, and assumed all of its liabilities. Also, at about that time, long after the work began, but before it was completed, the National Can Company acquired the legal title to the real estate upon which the building was being constructed.

There seems to be no question but that the notice of lien was filed in due time, and was sufficient in all respects, save that it described the owner of the prop-

erty as the Tacoma National Can Company, instead of the National Can Company, and that at the time of recording no notarial seal was affixed to the jurat. The testimony shows that, shortly after the lien notice was returned to the claimant from the auditor's office, the notary affixed his seal, but the lien notice was not thereafter re-recorded.

No other defects being pointed out, we are led to suppose that the trial court denied the right of the lien by reason of one or both of these defects. It can hardly be that the lien was rejected because the word "Tacoma" preceded the correct name of the owner, "National Can Company." Indeed, on the trial, when a motion was made to amend the notice by striking the word "Tacoma" from the name of the owner, the court allowed that amendment tentatively, subject to a possible reversal of the ruling in the course of the trial.

We do not find that this tentative permission to amend was ever, by the trial court, revoked, and since the word "Tacoma" prefixed to the name of the owner is not shown to have misled anyone, was mere surplusage at the most, which does not vitiate, we assume that the trial court did not change his ruling in that respect, and must have denied the lien simply and solely because of the lack of the notarial seal.

It would seem that the ruling of the trial court was based upon the early cases of *Gates v. Brown*, 1 Wash. 470, 25 Pac. 914, and *Stetson & Post Mill Co. v. McDonald*, 5 Wash. 496, 32 Pac. 108.

Those cases do undoubtedly hold that the omission of the notary's seal is fatal, but those cases were both written when the territorial laws with reference to liens and lien notices were still in full force and effect. Immediately following the decision in the *McDonald* case the legislature of 1893, apparently for the very purpose of avoiding the hardships of the rule an-

nounced, enacted a new and comprehensive act entitled, "An Act creating and providing for enforcement of liens for labor and material," which entirely superseded the laws in force when the decisions just cited were written. The Laws of 1893, p. 34, § 5; Rem. Comp. Stat., § 1134, provides that the claim or notice of lien to be filed shall

". . . be verified by the oath of the claimant, or some person in his behalf, to the effect that the affiant believes the claim to be just; in case the claim shall have been assigned the name of the assignee shall be stated; and such claim of lien may be amended in case of action brought to foreclose the same, by order of the court, as pleadings may be, in so far as the interests of third parties shall not be affected by such amendment. A claim for lien substantially in the following form shall be sufficient:"

Then follows a form of notice containing no suggestion of a need for impressing the notarial seal on the jurat, and § 18 of the Laws of 1893, p. 38, provides:

"The provisions of law relating to liens created by this chapter, and all proceedings thereunder, shall be liberally construed with a view to effect their objects." Rem. Comp. Stat., § 1147.

No such provisions were contained in the territorial acts construed in the cases we have cited.

Ever since 1893 this court has given careful heed to the legislative intent thus expressed, and has disregarded non-essentials and liberally allowed amendments.

The first case decided under the Act of 1893 was *Sullivan v. Treen*, 13 Wash. 261, 43 Pac. 38, where it was said:

"There was an additional objection raised to the lien of M. F. Backus, receiver, and that was that there was no sufficient proof of its having been verified. The only objection pointed out was the fact that the notary

before whom such lien was sworn had omitted to add to his signature and official title his place of residence. Whether or not this omission would, upon the authority of the case of *Gates v. Brown,* 1 Wash. 470 (25 Pac. 914), be fatal to the lien notice, it is not necessary for us now to decide. The statute of 1893 (Laws 1893, p. 34, § 5), authorized an amendment of notices of lien when the interests of third parties would not be affected thereby, and under this provision the court allowed this lien notice to be amended by the addition of the place of residence of the notary. That this might be done, if it did not affect the rights of third parties, is conceded by appellants, but they contend that the appellants Taylor, as mortgagees, are such third parties, and that their rights were directly affected by the amendment. In our opinion the parties intended to be protected from the force of the statute allowing such amendments were only those who had acquired some interest subsequent to the filing of the lien notice, and had no reference to those whose relations to the property had not been changed since such filing.''

In *Malfa v. Crisp,* 52 Wash. 509, 100 Pac. 1012, an erroneous description of the real estate to be affected was permitted to be corrected by amendment after answer, just as substantial defects were cured or considered cured by amendments in *Chavelle v. Island Gun Club,* 77 Wash. 304, 137 Pac. 511; *McMullen & Co. v. Croft,* 92 Wash. 411, 159 Pac. 375; and *Ellis-Mylroie Lumber Co. v. Bratt,* 119 Wash. 142, 205 Pac. 398.

In *Rose v. O'Reilly,* 138 Wash. 18, 244 Pac. 124, an amendment was upheld which made good an otherwise wholly non-effective and void notice, the court quoting from the case of *Stetson & Post Lumber Co. v. Sloane Co.,* 61 Wash. 180, 112 Pac. 248, as follows:

''Neither did it come too late. The rule of amendment established by this court is that amendments of this character are in the nature of amendments to pleading, and the same liberal rule as to substance and

time should be followed where the interests of third parties are not injuriously affected. Such is the plain import of our statute.''

We are well satisfied that where, as here, it clearly appears that the claim or notice was duly verified by the oath of the claimant, administered by a duly authorized officer, and the only defect is the failure to impress his official seal before recording, that cannot be urged to defeat the lien by anyone other than a subsequent innocent purchaser who relies on the record, and even he would seem to be bound by reason of Rem. Comp. Stat., § 10599, which reads:

''Every instrument in writing purporting to convey or encumber real property, which has been recorded in the proper auditor's office, although such instrument may not have been executed and acknowledged in accordance with the law in force at the time of its execution, shall impart the same notice to third persons, from the date of recording, as if the instrument had been executed, acknowledged, and recorded in accordance with the laws regulating the execution, acknowledgment, and recording of such instrument then in force.''

However, that question is not now before us, and nothing here said should be taken as an attempt to decide it.

The trial court erred in denying the plaintiff's lien.

The judgment is reversed, in so far as it denies the plaintiff's right to a lien and to a foreclosure of it, and the cause remanded with instructions to enter judgment in harmony with the views herein expressed.

FULLERTON, C. J., MITCHELL, HOLCOMB, and BEALS, JJ., concur.