[No. 51621-9. En Banc. June 26, 1986.]

NORCO CONSTRUCTION, INC., *Appellant,* v. KING COUNTY, ET AL, *Respondents.*

sent

*Edwards & Barbieri,* by *Malcolm L. Edwards* and *Catherine Wright Smith,* and *Inslee, Best, Chapin & Doezie, P.S.,* by *Richard U. Chapin,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Stephen O. Kenyon, Senior Deputy,* for respondents.

DURHAM, J.—Norco Construction, Inc. appeals from the trial court's denial of its motion for damages for delay due to King County's supersession of enforcement of a trial court decision during an unsuccessful appeal. We reverse and remand for a determination of damages.

In early 1977, Norco, a land developer, purchased 75 acres of undeveloped land in the Soos Creek Plateau area of King County. Norco intended to subdivide the property into 1–acre lots and sell them as part of a subdivision called Star View Acres. In May 1977, Norco submitted a preliminary plat application for the subdivision to King County for

approval. The preliminary plat conformed to the existing King County comprehensive plan and other applicable laws and policies then in effect. The plat application was placed on the King County Council agenda for action at its October 31, 1977 meeting. The Council did not act on the application at that time because the plat was inconsistent with proposed amendments to the County's comprehensive plan and zoning ordinances. The County then notified Norco that health department approval of its water and sewage facilities was required and Norco received such approval. The County did not act further on Norco's application for plat approval. *See Norco Constr., Inc. v. King Cy.,* 29 Wn. App. 179, 627 P.2d 988 (1981), *aff'd,* 97 Wn.2d 680, 649 P.2d 103 (1982).

In February 1979, Norco filed a petition for a writ of mandamus in King County Superior Court to compel the Council to act on its preliminary plat application. On April 26, 1979, the trial court issued the writ and directed the Council to consider Norco's application on the basis of the zoning ordinances, comprehensive plan and procedures in effect at the time the application was completed. On May 1, 1979, King County filed a notice of appeal from the trial court's decision. That day, the County also filed a "Notice of Supersession Without Bond," designed to supersede enforcement of the trial court's decision pending appeal.

The Court of Appeals and this court both affirmed the trial court's decision. *Norco Constr., Inc. v. King Cy., supra.* On August 23, 1982, the King County Council approved Norco's preliminary plat.

In February 1983, Norco brought an action for damages against King County in King County Superior Court. Norco sought damages for the period from October 31, 1977, when it alleged King County should have approved its plat application, to August 23, 1982, when the County did approve it. The damages claims were based on tort, inverse condemnation in violation of article 1, section 16 of the state constitution, and 42 U.S.C. § 1983. King County removed the action to the United States District Court on

the basis of the claim under 42 U.S.C. § 1983. On September 7, 1984, the United States District Court granted King County's motion for summary judgment, concluding that all of Norco's claims were barred by the applicable statutes of limitation. Norco currently is appealing this order to the Ninth Circuit Court of Appeals.

On March 22, 1985, Norco filed a "Motion to Establish Damages on Automatic Stay" in King County Superior Court. Norco requested the court to order King County to pay damages for the delay of enforcement of the court's writ of mandamus due to King County's supersession of enforcement pending appeal. According to Norco, if King County had complied with the writ of mandamus when it was issued, instead of superseding its enforcement and appealing it, Norco's application would have been approved on or about May 1, 1979, rather than on August 23, 1982. Norco claimed it suffered damages resulting from the delay during the appeal from May 1979 to July 1982, including a depreciation in the value of the property, lost profits, and additional expenses including taxes, insurance, and increased development costs. On March 29, 1985, the trial court denied Norco's motion. Norco appealed to this court.

Before addressing Norco's damages claim, we must consider a preliminary issue raised by King County. King County contends that the Federal District Court's summary judgment precludes this action under the doctrine of res judicata.

The purpose of res judicata is to ensure the finality of judgments. Res judicata occurs when a prior judgment concurs in identity with a subsequent action in four respects:

> There must be identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made.

*Rains v. State,* 100 Wn.2d 660, 663, 674 P.2d 165 (1983).

The relevant inquiry in this case is if the causes of action in the federal suit and this action are the same. In the federal action, Norco brought claims in tort, inverse condemnation, and pursuant to 42 U.S.C. § 1983, for damages

resulting from King County's failure to take action on or approve its preliminary plat application. The period for which Norco sought to recover was from October 31, 1977 to August 23, 1982. In the present action, Norco seeks to recover damages resulting from King County's supersession of enforcement of the writ of mandamus pending appeal for the period from May 1979 to July 1982.

In determining if causes of action are identical for purposes of res judicata, this court has considered the following criteria:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Rains,* at 664 (quoting *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir.), *cert. denied,* 459 U.S. 1087 (1982)). The only interest established in the first action was King County's freedom from liability for damages due to its failure to act on or approve Norco's application. This interest would not be impaired by the present action in which damages are sought for King County's superseding enforcement of the writ of mandamus. Second, different evidence would be presented in the two actions, because in this action Norco would have to prove that damages were proximately caused by King County's stay rather than its failure to act on Norco's application. As for the third criterion, the two suits involve infringement of different rights. In the federal action, Norco claimed a right to compensation for King County's failure to act, while in the present action it claims a right to compensation for King County's stay of enforcement of the writ of mandamus. Finally, the two suits do not arise out of the same transactional nucleus of facts since Norco sought damages resulting from different conduct by King County in the first action than in the present action.

In sum, none of the criteria for identical causes of action are satisfied in this case. Because the causes of action in the federal suit and the present action differ, this action is not barred by res judicata.

We now turn to Norco's claim that it is entitled to recover damages allegedly resulting from King County's supersession of enforcement of the trial court's writ of mandamus.

It is undisputed that King County did not have to post a bond in order to supersede enforcement of the trial court decision. Ordinarily, a party must file a supersedeas bond in order to supersede the enforcement of a trial court decision pending appeal. RAP 8.1(b). The State, however, is not required to post such a bond in order to supersede enforcement, on the theory that if the trial court judgment is affirmed, the State treasury provides an adequate guaranty that the prevailing party will be able to collect the amount of the judgment. *See* RCW 4.92.080; *Rutcosky v. Tracy,* 89 Wn.2d 606, 612, 574 P.2d 382, *cert. denied,* 439 U.S. 930 (1978). This exemption from the requirement of posting a supersedeas bond also applies to counties. *Hockley v. Hargitt,* 82 Wn.2d 337, 347, 510 P.2d 1123 (1973). King County clearly complied with these rules by filing a notice that the decision was superseded without bond. This act put King County "in the same position as if [it] had posted a bond . . ." RAP 8.1(c).

Norco contends that, pursuant to RAP 8.1(b)(2), it is entitled to damages caused by King County's superseding enforcement of the trial court judgment. RAP 8.1(b)(2) concerns the amount of the supersedeas bond to be fixed in decisions affecting property. It provides,

> If the decision determines the disposition of property in controversy, or if the property is in the custody of the sheriff, or if the proceeds of the property or a bond for its value are in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure any money judgment *plus the amount of loss which a party may be entitled to recover*

*as a result of the inability of the party to enforce the judgment during review.*

(Italics ours.)

█ Thus, RAP 8.1(b)(2) authorizes the trial court to include the amount of loss resulting from the supersession of enforcement of a decision affecting property in the bond amount. This indicates that when a party supersedes a trial court decision affecting property and is unsuccessful on appeal, the prevailing party may recover damages resulting from the supersession.

The Court of Appeals recently has interpreted RAP 8.1(b)(2) in such a manner. In *Seventh Elect Church v. Rogers,* 34 Wn. App. 105, 660 P.2d 280 (1983), the trial court fixed a supersedeas bond in the amount of $5,000 payable to the respondent church, superseding execution of an order holding a woman in contempt for her refusal to answer questions at trial. The trial court stated the bond was "to guarantee payment by Gina F. Rogers to [the Church] of any damages which shall be adjudged due [the Church] caused by Gina F. Rogers' refusal to answer questions as ordered.'" *Rogers,* at 119. The Court of Appeals concluded that the bond was fixed in accordance with RAP 8.1(b)(2). It held,

> The trial court did not err in setting the bond in an amount which would represent a potential fund available to the Church should the Church ultimately be able to demonstrate damages caused by Gina Rogers' delay.

*Rogers,* at 120. Thus, the court approved the supersedeas bond as a mechanism for compensating the respondent for damages which might result from delay due to an unsuccessful appeal.

We conclude that pursuant to RAP 8.1(b)(2), a party who supersedes enforcement of a trial court decision affecting property during an unsuccessful appeal is liable to the prevailing party for damages resulting from the delay in enforcement. King County's exemption from the requirement of posting a bond does not affect its potential liability

for such damages. As long as it has filed a notice that the trial court decision is superseded without bond, a party that is exempt from the bond requirement is in the same position as if it had posted a bond. RAP 8.1(c).

We hold that Norco is entitled to recover damages which resulted from King County's supersession of enforcement of the trial court's writ of mandamus. We reverse the trial court decision and remand for a determination of damages.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, PEARSON, ANDERSEN, and CALLOW, JJ., concur.

GOODLOE, J. (concurring in part, dissenting in part)—I agree with the majority opinion that res judicata does not bar an action by Norco Construction, Inc. I dissent from the majority opinion to the extent that I read it as providing delay damages based on a court rule.

Whenever delay damages have been given for supersession of enforcement of a decision, such damages have been premised on a statute or the contractual terms of the supersedeas bond. *See* Annot., *Measure and Amount of Damages Recoverable Under Supersedeas Bond in Action Involving Recovery or Possession of Real Estate,* 9 A.L.R. 3d 330 (1966). RAP 8.1(b)(2) allows an amount for delay damages to be included in the amount of the supersedeas bond. I do not believe the court rule itself can authorize recovery of delay damages. Norco does not cite any statute which permits its claim. No supersedeas bond was filed; therefore, no bond terms provide for delay damages. RAP 8.1(b)(2) allows, but does not require, inclusion of an amount for delay damages. It does not authorize recovery for delay damages.

Also, I question Norco's ability to seek delay damages when King County had no notice that delay damages would be sought. I recognize, however, that our court rules currently do not provide a mechanism by which entities not required to post bonds may be apprised that delay damages will be sought. Parties posting supersedeas bonds have

notice of potential delay damages when an additional amount for delay damages is actually required to be posted.

DORE, J., concurs with GOODLOE, J.