892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MARINE CONSTRUCTION & DREDGING, INC., Plaintiff-Appellant,
v.
UNITED STATES ARMY CORPS OF ENGINEERS, Defendant-Appellee.
 No. 88-3963.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1989.
Decided Dec. 13, 1989.
 
 Before WALLACE, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 SUMMARY
 
 2
 Appellant, Marine Construction & Dredging, Inc. ("Marine") brought an action for damages under the Federal Tort Claims Act ("FTCA") against appellee, the United States Army Corps of Engineers ("Corps"), for the tort of "wrongful restraint" arising from an asserted "wrongful" injunction. The district court granted summary judgment for appellee, finding that no such tort exists under Washington law. Marine appeals on the ground that the district court erred in its finding that "wrongful restraint" is not an actionable claim under the FTCA.
 
 
 3
 We find that the district court correctly held that the tort of wrongful restraint does not exist under Washington law. We affirm the district court's judgment on this ground alone. We disagree, however, with the district court's conclusion that the United States' exemption from posting a bond immunizes it from liability for wrongful restraint. Where, as here, no tort can be made out, the United States might still be liable for damages under a contract theory. Finally, because we affirm the district court's judgment, we need not address whether the United States is exempt from liability under the malicious prosecution, tortious interference with contract, or discretionary function exceptions to the FTCA.
 
 FACTS
 
 4
 In June 1985, Marine began to develop and add fill dirt to a tract of land that abutted the Swinomish Channel in Skagit County, Washington. The channel is a navigable waterway of the United States. The Corps, upon discovering this activity, sought and obtained a temporary restraining order ("TRO") from the district court against Marine, alleging that Marine was violating Section 404 of the Clean Water Act by not obtaining Corps approval and permits before filling United States "wetlands." Marine contended that the land was not a wetland. On July 17, 1985, the district court turned the TRO into a preliminary injunction, enjoining Marine from its activities until a trial could resolve the issue whether the land was wetlands.
 
 
 5
 After a trial involving extensive expert testimony on whether or not the plants found on the tract of land were typical of wetland vegetation, the district court held that the land was not wetland, that the preliminary injunction should be dissolved, and that the Corps had "acted arbitrarily and capriciously" in its determination that Marine's land was wetland.
 
 
 6
 Marine then filed a complaint with the district court, arguing that the "wrongful" injunction had caused it $446,000 in damages arising from such problems as the lost opportunity to use the land, the increased costs of filling the land, and the delay in constructing improvements on the land. Marine argued that the Corps' negligence constituted a tort of "wrongful restraint" under Washington law and that the damages were recoverable under the FTCA.
 
 
 7
 The district court granted the United States' motion for summary judgment. The court found that Marine had not shown that the tort of "wrongful restraint" exists, but had merely pointed out cases in which plaintiffs recovered damages from posted security under Washington's statute regarding wrongful injunctions, C.R. 65(c).[1] In addition, the court stated that Marine had not convinced the court that the United States can be held liable for damages under a claim for wrongful injunction, where the United States is exempt from posting a bond when obtaining an injunction.
 
 STANDARD OF REVIEW
 
 8
 This court reviews de novo the grant of summary judgment. Little v. City of Seattle, 863 F.2d 681, 683 (9th Cir.1988). The evidence is to be viewed in the light most favorable to Marine in deciding (1) if the district court correctly applied the relevant substantive law and (2) if there are any genuine issues of material fact. Id. The district court's grant of summary judgment may be affirmed on any ground supported by the record, even if the decision to grant the motion was erroneously based. See United States v. $25,000 United States Currency, 853 F.2d 1501, 1504 n. 1 (9th Cir.1988).
 
 ANALYSIS
 
 9
 Marine's complaint for damages under the FTCA cannot succeed unless Washington state recognizes the tort of wrongful restraint.[2] The district court was not persuaded that such a tort exists, nor that the United States could be held liable for damages when it had not been required to post a bond to obtain injunctive relief.[3] We agree with the first ruling but find that the district court erred in its second ruling.
 
 
 10
 It is generally true that a victim of a wrongfully issued preliminary injunction cannot recover damages against a private individual unless a bond secured the injunction. W.R. Grace and Co. v. Local Union 759, 461 U.S. 757, 770 n. 13 (1983); Cedar-Al Products, Inc., 49 Wash.App. 763, ----, 748 P.2d 235, 236-37 (1987). The only exceptions involve suits for malicious prosecution or unjust enrichment. Buddy Systems, Inc. v. Exer-Genie, Inc., 545 F.2d 1164, 1168 (9th Cir.1976), cert. denied, 431 U.S. 903 (1977).
 
 
 11
 Further, the majority rule in Washington is that a plaintiff with a cause of action on an injunction bond is limited in recovery to the amount of the bond plus interest from the time that the action was brought. Jensen v. Torr, 44 Wash.App. 207, ----, 721 P.2d 992, 994 (1986). It would therefore seem that under the FTCA, if the federal government were treated as a private individual, there could be no recovery because the government posted no bond.
 
 
 12
 However, Washington state law clearly allows actions to be brought against parties who are exempt from posting bonds. The facts in this case are closely analogous to those in Norco Constr., Inc. v. King County, 106 Wash.2d 290, 721 P.2d 511 (1986), in which a county was held liable for damages for superseding enforcement of a Washington superior court judgment, even though the county had not posted a bond. In Norco Constr., Inc., the plaintiff, a land developer, filed a petition for a writ of mandamus in a Washington superior court, to compel the King County Council to act on plaintiff's application to subdivide a tract of land. Id. at 512. The court issued the writ, and the county appealed the decision, filing a "Notice of Supersession Without Bond" to supersede enforcement of the decision pending the appeal. Id. When the court of appeals affirmed the lower court's decision, the King County Council approved the application. Id.
 
 
 13
 The plaintiff then filed a motion for damages in the Washington superior court, alleging that the county's supersession of the trial court decision led to a depreciation in the value of plaintiff's property, a loss of profits, and a variety of other expenses including taxes, insurance, and increased development costs. Id. at 513. Although the lower court denied the motion, the Washington Supreme Court held that the plaintiff was entitled to damages despite the fact that no bond had been posted in advance. The issue of damages was remanded to the trial court for a determination of the extent to which the plaintiff was injured because of the delay in the enforcement of the court judgment. Id. at 514.
 
 
 14
 In its opinion, the Washington Supreme Court explained that the state and its counties were exempt from posting supersedeas bonds because the government treasuries serve as guarantees that any award of damages can be collected. Id. at 514. Once a notice had been filed superseding the trial court's decision, however, the county was in exactly the same position as if it had posted a bond. Id. Similarly, the United States can guaranty its ability to pay damages and is entitled to seek injunctions without posting bonds. By analogy to Norco Constr., Inc., then, the United States should be in the same position as a private individual who had obtained an injunction bond. We find that the United States is not automatically exempt from liability merely because it was not required to post a bond.
 
 
 15
 We also find no reason to make a distinction between the kind of court proceeding involved in Norco Constr., Inc. and that in our case. We read Norco Constr., Inc. as allowing an action to be brought against a government entity that is not required to post a bond in a court proceeding. The United States is therefore potentially liable for damages for allegedly wrongfully seeking an injunction against Marine, despite the fact that no bond was posted.
 
 
 16
 This does not resolve the question, however, of whether Marine may bring an action in tort against the United States for wrongful restraint. Almost all states classify a wrongful injunction action as an action in contract, not tort. See United States Steel Corp. v. United Mine Workers of Am., 456 F.2d 483, 492 (3d. Cir.). cert. denied, 408 U.S. 923 (1972) (stating that it is generally recognized that "there is no liability in tort for the damages caused by a wrongful suing out of an injunction" because a party who resorts to civil court cannot have an action brought against him, except for malicious prosecution); 43A C.J.S. Injunctions § 314 (1978) (stating that "the seeking of injunctive relief is not a tort"); 73 Harv.L.Rev. 333 (1959) (stating that only four states, of which Washington is not one, allow recovery in excess of the bond amount for nonmalicious wrongful injunction, apparently on the theory that "erroneously requesting an interlocutory injunction is a tort...."). We find nothing to indicate that Washington law deviates from the general authority on this issue. Therefore, we hold that under Washington law, a wrongful injunction claim is classified as a contract action.
 
 
 17
 Although the court in Norco Constr., Inc. allowed damages to be determined retrospectively because a bond had not earlier been posted, the action did not, as a result, become a tort claim. The rationale for not requiring a bond in the first place was merely that the government could guaranty its ability to pay any damages. The court emphasized, however, that the government should nevertheless be treated as if it had posted a bond and as if it were a private individual. Norco Constr., Inc., 721 P.2d at 514. Determining damages after the harm had occurred amounted to setting a bond in hindsight, when it was apparent that the government would be liable.
 
 
 18
 To read Norco Constr., Inc. as holding that an entity exempt from posting a bond may be liable in tort, rather than contract, would result in disparate treatment for the government. The government would be liable in tort for actions in which private individuals are liable only in contract, absent malicious prosecution or unjust enrichment.[4] The only reasonable interpretation of Norco Constr., Inc. that is consistent with other Washington law is that the claim involved is one of contract, not tort. Marine may not bring such a claim under the FTCA.
 
 CONCLUSION
 
 19
 Although we find that the United States is not free from liability merely because it did not post a bond, we hold that Marine cannot maintain an action in this court against the United States for wrongful restraint under the FTCA. We need not address the United States' arguments regarding the variety of exceptions available to the United States under the FTCA, as we affirm the district court's determination that Washington state law does not provide for an action for the tort of wrongful restraint.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 C.R. 65(c) reads, in part:
 "no restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."
 
 
 [2]
 28 U.S.C. § 2674 (1965), a provision of the Tort Claims Procedure chapter, provides generally that "[t]he United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances...." (Emphasis added.) Subject to the Tort Claims Procedure chapter, 28 U.S.C. § 1346(b) (1976) specifies that the district courts have exclusive jurisdiction for civil claims against the United States for negligent or wrongful acts of its employees that cause injury or loss of property, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." (Emphasis added.) The United States, therefore, can be liable for committing a tort against Marine only if a private individual in Washington would be liable for such a tort
 
 
 [3]
 F.R.C.P. 65(c) automatically exempts the federal government from posting a bond on an injunction
 
 
 [4]
 The facts of this case do not indicate that the United States maliciously prosecuted Marine. Even if they did, Marine could not successfully pursue a claim for malicious prosecution. 28 U.S.C. § 2680 (Supp.1989) specifies instances when the Tort Claims Procedure chapter and § 1346(b) do not apply, including: "(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights...." (Emphasis added.) The United States could not be held liable for malicious prosecution of Marine