IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE CARLYLE CONDOMINIUM OWNERS ASSOCIATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>YUKIKO ASANO and THE UNKNOWN SPOUSE/DOMESTIC PARTNER OF YUKIKO ASANO,<br><br>                    Appellants,<br><br>TEN BRIDGES LLC,<br><br>                    Respondent. | No. 83614-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BOWMAN, J. — Yukiko Asano appeals the trial court's order denying her motion for disbursement of surplus proceeds from the foreclosure sale of her condominium pending final resolution of her right to the money. She also appeals the trial court's order denying her motion for interest under RAP 8.1 after the court delayed disbursement of the proceeds for two years. Asano's appeal of the order denying her motion for disbursement of the surplus proceeds is untimely, so we decline to consider the assignment of error. And because the supersedeas procedures under RAP 8.1 do not apply to delay initiated by the court, we affirm the trial court's order denying Asano's motion for interest.

FACTS

Asano owned a condominium in the Carlyle Condominiums complex in Bellevue. She failed to pay more than $10,000 in homeowners association

Citations and pin cites are based on the Westlaw online version of the cited material.

assessments. In February 2018, the Carlyle Condominium Owners Association (Carlyle) sued Asano. On May 4, 2018, Carlyle obtained a default judgment against Asano for $14,350 plus postjudgment interest. It also secured a decree of foreclosure directing the King County sheriff to sell Asano's property at auction to satisfy the judgment.

The sheriff's office sold the property in March 2019 to Madrona Lisa LLC for $358,000.00 subject to a one-year redemption period. It then deposited the money in the court registry. After paying costs and satisfying Carlyle's judgment, $346,902.05 in surplus proceeds from the sale remained in the court registry.

In April 2019, Ten Bridges LLC contacted Asano, offering to pay her for "any lingering interest" in her property. In exchange for a promise to pay her $172,000, Ten Bridges persuaded Asano to assign it her right to redeem the property and her right to the surplus proceeds in the court registry. In May 2019, Asano executed a quitclaim deed to Ten Bridges outlining their agreement. Ten Bridges then tried to redeem the property. But on August 8, 2019, the court found the agreement between Ten Bridges and Asano illegal and unenforceable and declared the deed void. Ten Bridges appealed that order. Undeterred, less than a week later, Ten Bridges secured a second quitclaim deed from Asano.[1]

In September 2019, Asano moved the court to disburse to her the surplus funds in the court registry. While her motion was pending, Ten Bridges moved again to redeem the property. It used the second deed Asano executed in

---

[1] Ten Bridges removed the terms of its agreement with Asano from the language in the second quitclaim deed and did not tell Asano that the trial court declared the first deed unlawful and unenforceable.

August 2019 to support its right of redemption. The court denied both motions. The court first denied Asano's request on October 16, 2019, ordering that "[n]either party shall be entitled to the funds held in the registry pending [Ten Bridges'] appeal" of the court's August 8, 2019 order voiding the first deed. And then on October 30, 2019, the court again denied Ten Bridges' motion to redeem the property, declaring the second deed void. Ten Bridges also appealed that order.

We consolidated Ten Bridges' two appeals and affirmed both orders declaring the deeds void. Ten Bridges, LLC v. Guandai, 15 Wn. App. 2d 223, 238-39, 474 P.3d 1060 (2020).[2] Our Supreme Court denied Ten Bridges' petition for review. Ten Bridges v. Asano, 197 Wn.2d 1011, 487 P.3d 517 (2021).

In October 2021, Asano moved for a second time for disbursement of the surplus proceeds. This time, the court granted her motion. Asano received the money in November 2021. Asano then moved for more than two year's interest on the surplus proceeds for the time between the court's denial of her first motion to disburse and when she received the money. The court denied Asano's motion.

Asano appeals.

---

[2] We also consolidated Ten Bridges' appeal of an order disbursing surplus funds to Teresia Guandai. Guandai, like Asano, signed a quitclaim deed transferring to Ten Bridges her interest in her foreclosed condominium and any right to the surplus proceeds from its sale. See Guandai, 15 Wn. App. 2d at 229-30.

ANALYSIS

Disbursement

Asano argues the trial court erred by denying her first motion to disburse the surplus proceeds. Ten Bridges argues that Asano's challenge to the October 16, 2019 order is untimely. We agree with Ten Bridges.

Under RAP 5.2(a), a party must appeal a trial court decision within 30 days. See Davidson v. Nat'l Can Co., 150 Wash. 370, 371-72, 273 P. 185 (1928). Under RAP 2.2(a)(1) and (3), a party may appeal a final judgment in any action or proceeding and any "written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action." A judgment is final for purposes of appeal if it "determines the rights of the parties in the action and is not subject to de novo review at a later hearing in the same cause." Wlasiuk v. Whirlpool Corp., 76 Wn. App. 250, 255, 884 P.2d 13 (1994).

Asano did not appeal within 30 days the trial court's October 2019 order denying her motion to disburse funds. But that order was not a final judgment or decision that effectively determined the action. The order says, "Neither party shall be entitled to the funds held in the registry pending [Ten Bridges'] appeal." And it informed the parties that the court would later reconsider the issue.

But the court's November 2021 order granting disbursement did finally determine the parties' rights to the surplus proceeds. And Asano also did not appeal within 30 days of that order. The record shows that Asano filed her notice

4

of appeal more than two months later in January 2022. Because Asano's appeal of the order denying disbursement is untimely, we decline to consider it.

Interest

Asano argues that she has a right to interest that accrued on the surplus proceeds from September 2019 when she first requested disbursement to when she received the funds in November 2021. According to Asano, because the court "stayed" disbursement of the surplus proceeds pending Ten Bridges' appeal, RAP 8.1 compelled the court to order that Ten Bridges post a supersedeas bond, which would have entitled her to interest.

We interpret court rules de novo, just as we review statutes. In re Marriage of Miller, 17 Wn. App. 2d 888, 895, 488 P.3d 910, review denied, 198 Wn.2d 1020, 497 P.3d 379 (2021). Our main purpose is to determine and enforce the drafter's intent. Id. When the meaning of the rule's language is plain on its face, we must give effect to that plain meaning. Id.

RAP 8.1 provides parties "a means of delaying the enforcement of a trial court decision in a civil case." RAP 8.1(a).

> A trial court decision may be enforced pending appeal or review unless stayed pursuant to the provisions of this rule. Any party to a review proceeding has the right to stay enforcement of a money judgment, or a decision affecting real, personal or intellectual property, pending review.

RAP 8.1(b). A party may stay a money judgment or decision affecting property "by filing in the trial court a supersedeas bond[,] cash," or "alternate security approved by the trial court." RAP 8.1(b)(1), (2). The rule sets guidelines for the form and the amount of a supersedeas bond that a party must post, including

"interest likely to accrue during the pendency of the appeal." RAP 8.1(d), (c). And it provides an opportunity for parties to object to the bond and have the trial court review its form, amount, and sufficiency. RAP 8.1(e). The rule aims to compensate a nonappealing party for wrongfully withheld funds if another party's appeal fails. See, e.g., Norco Constr. Inc. v. King County, 106 Wn.2d 290, 296, 721 P.2d 511 (1986) (citing former RAP 8.1(b)(2) (1986) that stated the amount of the bond shall be any money judgment "plus the amount of loss which a party may be entitled to recover as a result of the inability of the party to enforce the judgment during review").

The plain language of RAP 8.1 applies to only parties seeking a stay of a money judgment or decision affecting property. Indeed, it affords parties a right to a stay pending appeal of a trial court decision by posting a bond. RAP 8.1(a). Nothing in the rule suggests that it applies to a court order delaying disbursement of surplus funds in the court registry. The court is not a party. And neither party wrongfully withholds funds pending appeal when the court initiates the delay.[3]

Asano argues that the trial court's order denying her motion to disburse the surplus funds amounts to a stay of proceedings initiated by Ten Bridges. She claims that

> even though Ten Bridges only requested a [45-]day stay, the trial
> court judge effectively stayed the operation of the August 8, 2019

---

[3] Asano argues Norco establishes a substantive right to interest even if a party does not post a supersedeas bond. But in Norco, appellant King County was statutorily exempt from the requirement to post a supersedeas bond. 106 Wn.2d at 295 (citing RCW 4.92.080). So it initiated a stay by filing a "Notice of Supersession Without Bond." Id. at 292. Citing former RAP 8.1(c), now RAP 8.1(f), the Supreme Court determined the notice was another way to comply with RAP 8.1 as authorized by statute, and "a party that is exempt from the bond requirement is in the same position as if it had posted a bond." Id. at 297.

order [voiding the deed] indefinitely by freezing the disbursement of the surplus proceeds until Ten Bridges' appeal of the order was concluded.

But the record does not support Asano's claim.

In its response to Asano's motion to disburse the funds, Ten Bridges told the court:

> [I]n the event the Court elects to grant Ms. Asano's motion over Ten Bridges'[ ] objection, Ten Bridges asks the Court to stay the disbursement of any surplus proceeds for at least [45] calendar days from the date the order is entered so Ten Bridges has an opportunity to post a bond or otherwise seek a stay of the disbursement order.

The court did not grant Asano's motion to disburse. So it did not consider Ten Bridges' request for a stay.

Because the supersedeas procedures under RAP 8.1 do not apply to delay initiated by the court, we affirm the trial court's order denying Asano's motion for interest on the surplus proceeds.[4]

_Brennan, J._

WE CONCUR:

_Chung, J._          _Coburn, J._

---

[4] Because Asano has no right to interest, we do not reach her assignment of error about who should compensate her and how.

7